PATRICK MICHAEL O'BRIEN, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 6401–71. Filed July 30, 1974.

Patrick Michael O'Brien, pro se.
*Richard H. Gannon,* for the respondent.

DRENNEN, *Judge:* In a notice of deficiency dated May 7, 1969, respondent determined a deficiency of $3,756.40 in petitioner's Federal income tax for the year 1967, as well as additions to tax for that year under sections 6651(a), 6653(a), and 6654(a). A petition for redetermination was filed in this Court September 13, 1971. Proceedings before this Court culminated in the entry of an order of dismissal for lack of jurisdiction on the ground that the petition had not been timely filed. The case is now before the Court under order of the United States Court of Appeals for the Ninth Circuit vacating the order of dismissal and remanding for reconsideration in light of *Robinson* v. *Hanrahan,* 409 U.S. 38 (1972). The issue now before us is the validity of the notice of deficiency in the light of the due process clause of the Constitution of the United States and section 6212, I.R.C. 1954.

544

In accord with the order of the Court of Appeals, additional proceedings, including a hearing at which petitioner and respondent presented testimony and other evidence, have been conducted regarding the sufficiency of the notice of deficiency in this case. The following Findings of Fact and Opinion are rendered in conformity with those proceedings.

FINDINGS OF FACT

At the time of filing of the petition herein, petitioner was incarcerated in Folsom State Prison, Represa, Calif. Petitioner did not file a return for the year 1967, the year here involved.

On March 18, 1969, petitioner was arrested in Los Angeles, Calif., on a charge of burglary. The arrest report of the Los Angeles Police Department gave petitioner's address as "6935–A Morella," North Hollywood. Petitioner was incarcerated at the Los Angeles City Jail where, on March 19, 1969, he was interviewed by two of respondent's revenue officers. Information obtained during the interview formed the basis for the deficiency subsequently determined by respondent.

The notice of deficiency determined that during 1967 petitioner realized net income from burglary in the amount of $15,000 which he had failed to report on a tax return. In an "Explanation of Items" Form 886–A, which was attached to the notice of deficiency, it was stated:

You admitted to Revenue Officers, Leo Pascal and Raymond Kuszewski on March 19, 1969 at the Los Angeles Police Department headquarters that you had never filed your income tax returns and that your standard of living would entail realizing a total earnings of $15,000.00 annually from burglary.

Petitioner denies making the statement. The record does not reveal whether respondent's agents made any further effort to determine petitioner's actual taxable income for 1967.

One of the officers who interviewed petitioner, Leo Pascal, testified at the hearing herein. During the interview petitioner stated he was living with a girl on Mulholland Drive but did not want to involve her in his problems, that he expected to be released on bail shortly, and that he did not know where he would be thereafter. Petitioner did not specify a house number on Mulholland Drive and Pascal "didn't pursue it any further. I saw there wouldn't be much use to do that."

Pascal examined police records and noted that they listed several different addresses for petitioner at different times. One of the police reports indicated that other documents found in petitioner's possession at some time also showed "a number of different addresses." Pascal did not, however, ask petitioner about the varying addresses shown in the report " 'cause they varied so." Petitioner told Pascal that he had a bail bondsman. Pascal obtained the name and address of the bonds-

man from police records, and then "went to see" the bondsman. Pascal did not testify as to the substance of that visit.

Pascal did not attempt to ascertain from the Los Angeles police how long petitioner might be in their custody. Pascal testified that he assumed petitioner was still incarcerated at the time Pascal contacted the bondsman, but he did not thereafter inquire of the police as to petitioner's whereabouts.

Petitioner was released on March 19, 1969, from the custody of the Los Angeles police, but was arrested again on April 21, 1969, and has been in custody since then. Pascal had no knowledge that petitioner had been released.

Respondent issued two notices of deficiency to petitioner, both sent by certified mail on May 7, 1969. One was mailed to petitioner "c/o Edwin Tolmas, Esq., 6380 Wilshire Boulevard, Los Angeles, California 90048." The other was mailed to petitioner "c/o Dan Majors–Bailsbondsman [sic], 951 North Vignes, Los Angeles, California 90012." Edwin Tolmas was the attorney of a codefendant of petitioner in a criminal prosecution, but had no other connection with petitioner. Petitioner did not give a power of attorney to Edwin Tolmas, nor had he given Edwin Tolmas' address as his own. At the hearing in this case, respondent expressly did not attempt to defend the mailing of a notice to Tolmas.

Pascal caused the other notice of deficiency to be sent care of "Dan Majors–Bailsbondsman [sic], 951 North Vignes, Los Angeles, California 90012." Petitioner had not given as his address that of Dan Majors. Petitioner could not remember whether he was using Dan Majors as a bail bondsman in March 1969, was under the impression that he had not so used Majors himself, but may have used a bondsman affiliated with Majors.

At the time of mailing of the notices of deficiency herein, petitioner was incarcerated in the Los Angeles County Jail.

Petitioner did not receive the notice of deficiency until June of 1970. In June 1970, petitioner received from one Mark Herman, a bail bondsman, the notice of deficiency dated May 7, 1969, showing the address of Edwin Tolmas. At that time, petitioner was in custody in the Los Angeles County Jail. There is no evidence that petitioner received the other notice.

Petitioner filed a petition for redetermination of deficiency in this Court on September 13, 1971.

ULTIMATE FINDING OF FACT

The notice of deficiency was invalid because it was not mailed to petitioner "at his last known address" within the meaning of section

6212, I.R.C. 1954, or to an address respondent could reasonably believe petitioner wanted respondent to use in sending mail to him.

OPINION

This case is before the Court on remand from the U.S. Court of Appeals for the Ninth Circuit. Respondent mailed two notices of deficiency to petitioner on May 7, 1969, one in care of an attorney in Los Angeles, the other in care of a bail bondsman in the same city. Neither address had been given as his own by petitioner, who was at the time incarcerated in the Los Angeles County Jail. Petitioner received one of the notices in June 1970; there is nothing in the record to suggest that he ever received the other. Petitioner filed a petition in this Court on September 13, 1971. On November 17, 1971, we entered an order of dismissal for lack of jurisdiction, on the ground that the petition was not filed in the time prescribed by statute. Petitioner appealed to the Ninth Circuit Court of Appeals which first dismissed the appeal, then vacated its dismissal order, vacated our order of dismissal, and remanded to us for reconsideration in light of *Robinson* v. *Hanrahan*, 409 U.S. 38 (1972).

*Robinson* concerned the notice requirements of the due process clause of the 14th amendment and, though not a tax case, bears a factual resemblance to the case at bar. Robinson was in custody in the Cook County Jail awaiting trial for armed robbery when the State of Illinois began proceedings against his automobile under the Illinois vehicle forfeiture statute. The State, knowing of Robinson's incarceration, nonetheless mailed notice of the forfeiture proceedings to his home address. Robinson did not receive the notice until his release in or around October 1970. In the meantime, a State trial court had ordered the forfeiture and sale of the vehicle after an ex parte hearing.

The Supreme Court found that Robinson had not been accorded due process of law:

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." 339 U.S., at 314. More specifically, *Mullane* held that notice by publication is not sufficient with respect to an individual whose name and address are known or easily ascertainable. Similarly, in *Covey* v. *Town of Somers*, 351 U.S. 141 (1956), we held that, in the context of a foreclosure action by the town, notice by mailing, posting, and publication was inadequate where the individual involved was known by the town to be an incompetent without the protection of a guardian. See also *Schroeder* v. *New York*, 371 U.S. 208 (1962); *Walker* v. *City of Hutchinson*, 352 U.S. 112 (1956); *New York* v. *New York, N.H. & H.R. Co.*, 344 U.S. 293 (1953).

In the instant case, the State knew that appellant was not at the address to which the notice was mailed and, moreover, knew also that appellant could not

get to that address since he was at that very time confined in the Cook County jail. Under these circumstances, it cannot be said that the State made any effort to provide notice which was "reasonably calculated" to apprise appellant of the pendency of the forfeiture proceedings.[3] [Fn. omitted. 409 U.S. 39, 40 (1972).]

We doubt that petitioner was denied due process of law [1] by the fact that notice of deficiency was not sent to his place of incarceration, even though that place was known to respondent. In *Robinson* v. *Hanrahan*, and the cases relied upon by it, *supra*, the effect of inadequate notice was to deny interested parties the opportunity to appear, in the only trial-level proceeding open to them for the purpose, and present objections to a taking of property by a governmental unit and of the final settling of rights to property as between private parties. Failure to issue, or defect in the issuance of, notice of deficiency does not deprive a taxpayer of opportunity to appear and contest the Commissioner's determination that additional tax is owed: After assessment and collection the taxpayer may still file a claim for refund and, if denied, sue in a Federal District Court or the U.S. Court of Claims. *Cohen* v. *United States*, 297 F. 2d 760, 772 (C.A. 9, 1962). Indeed, Congress could dispense altogether with the procedure by which notice of deficiency is issued and opportunity for review by this Court is granted. *Phillips* v. *Commissioner*, 283 U.S. 589, 595–597 (1931); *Nash Miami Motors, Inc.* v. *Commissioner*, 358 F. 2d 636 (C.A. 5, 1966); *Continental Products Co.* v. *Commissioner*, 66 F. 2d 434, 435–436 (C.A. 1, 1933). *Robinson* v. *Hanrahan* and the cases relied upon by it, *supra*, "deal with the cutting off of all rights [to appear and present objections], not of one of two alternative remedies provided to the taxpayer by the Congress as a matter of grace." *Cohen* v. *United States*, *supra* at 772. See also *Berger* v. *Commissioner*, 404 F. 2d 668, 674 (C.A. 3, 1968). In this context, we think the requirements of due process of law are satisfied, even if notice of deficiency be not issued at all so long as adequate notice is given of assessment of tax and/or seizure of property to alert the taxpayer to the need to make a claim, and if necessary file suit, for refund; there is no claim in the present case that petitioner did not receive such notice.[2]

---

[1] *Robinson* v. *Hanrahan*, 409 U.S. 38 (1972), and *Mullane* v. *Central Hanover Tr. Co.*, 339 U.S. 306 (1950), and the other due process cases cited *supra*, arose under the due process clause of the 14th amendment, which applies to the States. For purposes of this proceeding we shall assume that the standards enunciated by those cases also apply to cases like the one at bar, which concern the due process clause of the fifth amendment. Cf. *Intercontinental Indus., Inc.* v. *American Stock Exch.*, 452 F. 2d 935, 941 (C.A. 5, 1971); *Brandt* v. *Hickel*, 427 F. 2d 53, 56 (C.A. 9, 1970); *Stegeman* v. *United States*, 425 F. 2d 984, 987 fn. 4 (C.A. 9, 1970). Compare, however, *French* v. *Barber Asphalt Paving Co.*, 181 U.S. 324, 329 (1901), suggesting that the scope of the two due process clauses may not in all circumstances be coextensive.

[2] Our discussion to this point indicates that a taxpayer's claim that he has been denied due process of law regarding notification of the determination of a deficiency or the assessment and collection of a tax should properly be addressed to a court in which a suit for refund might be maintained. We note here, however, that the record before this Court

However, we need not decide here whether petitioner's constitutional rights have been infringed, for we find that as a statutory matter, the notices of deficiency issued by respondent are insufficient to confer jurisdiction upon this Court.

Because the petition before the Court was not timely filed, we must in any event dismiss for lack of jurisdiction. *Oscar Block*, 2 T.C. 761 (1943). Where jurisdiction is also lacking for respondent's failure to issue a proper statutory notice of deficiency, we will dismiss on that ground, rather than for lack of timely filing of a petition. *John W. Heaberlin*, 34 T.C. 58, 59 (1960); *Nathan Lerer*, 52 T.C. 358 (1969). The distinction is not without significance. Where notice of deficiency is found inadequate under the statute, the effect may be to vitiate the notice and any assessment of tax related to it, sec. 6213(a), *W. S. Trefry*, 10 B.T.A. 134 (1928), whereas dismissal for lack of timely filing does not affect the validity of the underlying notice and assessment, if any.

Section 6212(b)(1)[3] authorizes respondent to send notice of deficiency to a taxpayer "at his last known address." This Court stated in *Daniel Lifter*, 59 T.C. 818, 821 (1973), that—

for purposes of section 6212(b)(1), a taxpayer's last known address must be determined by a consideration of all relevant circumstances; it is the address which, in the light of such circumstances, the respondent reasonably believes the taxpayer wishes to have the respondent use in sending mail to him. *Clark's Estate v. Commissioner*, 173 F. 2d 13 (C.A. 2, 1949); see also *Sorrentino v. Ross*, 425 F. 2d 213, 215 (C.A. 5, 1970).

Where notice of a deficiency is sent other than to a taxpayer's "last known address," there is a split of authority as to whether it may nonetheless qualify as a proper statutory notice for purposes of conferring jurisdiction upon the Court. Some decisions have stated the defect to be jurisdictional in nature. *DeWelles v. United States*, 378 F. 2d 37, 39 (C.A. 9, 1967); *John W. Heaberlin, supra; Gennaro A. Carbone,*

_____

contains the following items which suggest that petitioner did receive notice adequate to permit him to file a suit for refund: (1) Letter dated May 27, 1971, from petitioner to a representative of respondent in which petitioner states that he received in 1969 (petitioner testified this was an error, it was in 1970) several notices of levy or seizure of items of his property, held in police custody, to satisfy tax claims; (2) a claim for refund of taxes on respondent's Form 843 (rev. June 1968) dated Aug. 15, 1970, and bearing petitioner's name; (3) a notice to petitioner from respondent dated Jan. 6, 1971, disallowing the claim for refund; and (4) a letter from petitioner to a representative of respondent dated Jan. 9, 1971, protesting the disallowance and stating an intention to bring his claim before a Federal District Court in Los Angeles.

[3] SEC. 6212(b). ADDRESS FOR NOTICE OF DEFICIENCY.—

(1) INCOME AND GIFT TAXES AND TAXES IMPOSED BY CHAPTER 42.—In the absence of notice to the Secretary or his delegate under section 6903 of the existence of a fiduciary relationship, notice of a deficiency in respect of a tax imposed by subtitle A, chapter 12, or chapter 42, if mailed to the taxpayer at his last known address, shall be sufficient for purposes of subtitle A, chapter 12, chapter 42, and this chapter even if such taxpayer is deceased, or is under a legal disability, or, in the case of a corporation, has terminated its existence.

8 T.C. 207, 212 (1947). Others have stated that even though notice is not sent to taxpayer's "last known address," it nonetheless satisfies the statute if actually received by the taxpayer "within ample time to file a timely petition." *Clement Brzezinski*, 23 T.C. 192, 195 (1954); *Daniel Lifter, supra.*

We find, however, that respondent's notice of deficiency in this case is invalid under either line of authority.

Normally, a taxpayer's "last known address" is that shown on his tax returns filed with respondent. *Floyd R. Clodfelter*, 57 T.C. 102, 107 (1971); *Cohen v. United States, supra* at 773. Respondent is required to use a different address if he learns, or is advised by the taxpayer, that the taxpayer has changed his address; but if the taxpayer is merely—

temporarily sojourning elsewhere, as in a hotel or hospital or vacation resort or jail, or even abroad, while still retaining the same "permanent" address * * * [respondent] is not required to treat the address of temporary sojourn as the "last known address." To so require would place an impossible administrative burden on the Commissioner. * * * The Commissioner can hardly make a daily check to see when the taxpayer may leave such temporary address. [*Cohen v. United States, supra* at 773.]

See also *DeWelles v. United States, supra* at 39; *Floyd R. Clodfelter, supra* at 106.

Here, however, a somewhat different situation is presented, in that petitioner did not file a return for the year at bar; nor does the record indicate that respondent otherwise had an address for petitioner on file which could qualify as his "last known address." [4] In this context, we think our inquiry must be whether respondent took adequate steps to determine an address petitioner would want used to send mail to him and where respondent could reasonably expect petitioner to receive it.

Our findings of fact relate the circumstances and the efforts made by respondent's agents to determine where to send the notice of deficiency. Two copies of the notice were mailed to petitioner but neither of them was sent to an address given by petitioner. Nor were they sent to addresses respondent had reason to believe petitioner would want used in mailing documents to him. We have no evidence about why one copy of the notice was sent to the attorney who did not represent petitioner. And there is no evidence that petitioner gave the agents any reason to believe he should be contacted through the bondsman. The revenue agents apparently made some effort to find petitioner's correct address by examining various police records, but neither of the notices was sent to any of the addresses they found. We believe the agents could have obtained an address from petitioner when they interviewed him. And when they made their report and found confusion as to petitioner's

---

[4] Compare *Richard A. Zaun,* 62 T.C. 278 (1974).

address, we believe they should have made some further effort to contact petitioner at the jail, where they last saw him, or by tracing him through the Los Angeles police.

If the mailing of a notice of deficiency to a taxpayer is to be any more than an empty gesture, there should be some reasonable expectation that the taxpayer will receive it. Section 6212(b)(1) provides that the notice shall be sufficient if mailed to the taxpayer "at his last known address." If this is done the notice is sufficient even though the taxpayer may not actually receive it. But here respondent apparently had no "last known address" for petitioner, although his agents had been in contact with petitioner. Thus, section 6212(b)(1) does not serve to validate this notice of deficiency.

The purpose of the notice of deficiency is to notify the taxpayer of the determination of a deficiency in tax and the proposed assessment of that deficiency within time for petitioner to file a timely petition in this Court. *Clement Brzezinski, supra.* Under the circumstances here present, we think it was incumbent upon respondent to either obtain a usable address from petitioner or to make a reasonable effort to see to it that petitioner received a copy of the notice within time to file a timely petition in this Court. This could have been done by either attempting to deliver a copy of the notice to petitioner in jail or by attempting to determine which of the various addresses they had for petitioner would be the address at which petitioner would most reasonably be calculated to receive the notice.

Here respondent had no reason to believe that petitioner wanted him to use either of the addresses used to send mail to him, see *Daniel Lifter, supra;* nor could the notice of deficiency, so mailed, be reasonably calculated to apprise petitioner of the action respondent proposed to take so petitioner could file a timely petition in this Court, see *Robinson* v. *Hanrahan, supra.* The defect in mailing of the notice was not merely technical, see *Daniel Lifter, supra* at 823, and petitioner did not receive a copy of the notice of deficiency in time to file a timely petition in this Court.

We recognize that the respondent should not be required to go to unreasonable lengths to be certain that the taxpayer receives the notice of deficiency where the taxpayer has not filed returns and respondent has no readily accessible "last known address," and we make no effort here to lay down any rules as to what the respondent should do in all such cases. Each case will have to be decided on its own facts, using as possible guidelines the criteria set forth in *Daniel Lifter, supra,* and/ or *Robinson* v. *Hanrahan, supra,* mentioned in the preceding paragraph. We do say that the actions taken by respondent in this case do not meet the requirements to comply with the congressional intent in providing for notices of deficiency or the criteria mentioned in either

of those cases. Respondent's failure to make a determined effort to conform to section 6212(b)(1) cannot be excused.

We conclude that the notice of deficiency here involved was a nullity and invalid and that it did not serve to give this Court jurisdiction in this case. See *John W. Heaberlin, supra; Henry M. Day*, 12 B.T.A. 161 (1928).

*An appropriate order of dismissal will be entered.*