RICHARD C. BALCH, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
BALCH v. COMMISSIONER
Docket No. 10324-77.
United States Tax Court
T.C. Memo 1978-452; 1978 Tax Ct. Memo LEXIS 62; 37 T.C.M. (CCH) 1847-50; November 13, 1978, Filed Alan D. Judy, for the petitioner. Thomas N. Tomashek, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: These motions to dismiss for lack of jurisdiction were assigned to and heard by Special Trial Judge Murray H. Falk.The Court agrees with and adopts his opinion which is set forth below. [1]
*63 OPINION OF THE SPECIAL TRIAL JUDGE FALK, Special Trial Judge: Respondent determined the following deficiencies and additions to tax in respect of petitioner's federal income taxes for the taxable years specified: Additions to Tax Year
Deficiency
sec. 6651(a) [2]
sec. 6653(a)
1967
$ 5,211
$1,303 $ 380
1970
6,236
537
312
1972
1,439
1973
14,533
4,130
1,030
This case arises on respondent's motion to dismiss for lack of jurisdiction on the ground that petitioner did not file his petition with this Court within the time prescribed by section 6213(a). Petitioner filed a document objecting to respondent's motion to dismiss and moved that the case be dismissed for lack of jurisdiction on the ground that the notices of deficiency were not mailed in accordance with section 6212. The parties were heard on both motions. The sole question for decision is whether the notices of deficiency were properly issued to petitioner. FINDINGS OF FACT Some of the facts have been stipulated. Those facts and the accompanying exhibits *64 are incorporated herein by this reference. Petitioner was a resident of Redondo, Washington, at the time the petition herein was filed. He filed his federal income tax returns for the years in issue with the office of Internal Revenue at Ogden, Utah. Petitioner has resided at 27656 10th Place South, Redondo, Washington (hereinafter referred to as the Redondo address), since 1974. He is the owner of a Chevrolet automobile dealership, Dick Balch Chevrolet, which is located on Pacific Highway South, Federal Way, Washington. Prior to 1971, the post office designated the mail address of the dealership to be 32600 Pacific Highway South, Federal Way, Washington (hereinafter referred to as the first business address). In 1971, although the physical location of the dealership remained unchanged, the post office changed the mail address of the dealership to 32747 Pacific Highway South, Federal Way, Washington (hereinafter referred to as the second business address).At the time of the hearing, no structure had been erected on the lot redesignated as the first business address. At all times relevant hereto, the sorting case at the post office which served Dick Balch Chevrolet contained *65 one slot for mail addressed to either the first or second business address and the postal service delibered to the dealership all mail addressed to either the first or the second business address. Petitioner claims to have filed a change-of-address notification with the post office in 1974 directing that all mail addressed to him at the Redondo address be forwarded to the second business address because the mailbox at his residence was twice stolen. Whether or not such change-of-address notification was filed, it would have expired in 1975 and petitioner did not renew nor refile the change-of-address notification so as to require forwarding of mail addressed to his residence after 1975. Petitioner's 1972 federal income tax return was assigned to Revenue Agent David Nicholson for audit. Sometime prior to June 25, 1974, petitioner received a standard appointment letter which was addressed to him at the Redondo address. On November 21, 1975, Agent Nicholson mailed to petitioner at the Redondo address Form 872 (consent form to extend the statute of limitations) together with a cover letter informing petitioner that the audit examination would cover the 1967, 1970, 1972, and 1973 *66 tax years. Petitioner received that material, also. Petitioner's 1973, 1974, 1975, and 1976 federal income tax returns bore the second business address and, early in 1976, respondent mailed a Form 1099 (interest income on over-payment of tax) to petitioner addressed to that address. On March 15, 1976, respondent sent notices ofproposed adjustments in petitioner's tax liabilities (30-day letters) to petitioner addressed to the Redondo address, one pertaining to the year 1967 and one pertaining to the years 1970, 1972, and 1973. Both letters were returned to respondent by the postal service as undeliverable. Agent Nicholson communicated with petitioner by telephone and was directed by petitioner to send the letters to him at his dealership. Nicholson looked up the address of the dealership in the telephone directory, which contained the first business address. The 30-day letters were then remailed to petitioner addressed to him at the first business address and petitioner received them. Petitioner filed no protest in response to either of the 30-day letters. On July 23, 1976, respondent mailed two copies of a notice of deficiency in petitioner's federal income taxes for *67 the years 1970, 1972, and 1973. On September 21, 1976, respondent mailed two copies of a notice of deficiency in petitioner's federal income tax for 1967. One copy of each notice was mailed by certified mail addressed to petitioner at the Redondo address and the other copy was mailed by certified mail addressed to petitioner at the first business address. In each instance, the copy addressed to petitioner at the Redondo address was returned to respondent by the postal service as undeliverable. Both notices addressed to petitioner at the first business address were delivered to petitioner's automobile dealership on Pacific Highway South, Federal Way, Washington, by mail carrier Albert Riggs and receipts therefor were executed by a person there. The notice dated July 23, 1976, relating to petitioner's taxes for 1970, 1972, and 1973, was delivered on July 26, 1976. The notice dated September 21, 1976, relating to petitioner's tax for 1967, was delivered on September 22, 1976. On October 11, 1977, more than a year after the notices were issued, petitioner filed a petition with this Court for a redetermination of his tax liabilities for the years 1967, 1970, 1972, and 1973. The envelope *68 containing the petition bore a postage meter stamp dated October 7, 1977. OPINION If a notice of deficiency is properly mailed to the taxpayer, he has 90 days [3] within which to file a petition with this Court for a redetermination of the deficiency. Sec. 6213(a). This is so irrespective of whether the notice of deficiency is in fact received by the taxpayer. Lifter v. Commissioner,59 T.C. 818 (1973). If a notice of deficiency is improperly addressed yet the taxpayer receives it without prejudicial delay his complaint that it was not mailed to him at his last known address is unavailing. Clodfelter v. Commissioner,527 F.2d 754 (9th Cir. 1975), cert. denied 425 U.S. 979 (1976), affg. 57 T.C. 102 (1971). The purpose of the statutory scheme is to provide the taxpayer with notice of a deficiency determination and an opportunity to contest that deficiency in this Court before being required to pay the tax or additional tax asserted. Respondent contends that petitioner failed to file a petition with thi Court within the time prescribed by section 6213(a). Petitioner, on the other hand, contends that the notice of deficiency *69 was not mailed to him addressed to his "last known address," as that term is used in section 6212(b)(1). Regardless of whether petitioner or respondent prevails, we lack jurisdiction to entertain this case on its merits.Nevertheless, we must decide on what ground the case is to be dismissed because different consequences flow from each determination. See Shelton v. Commissioner,63 T.C. 193 (1974); O'Brien v. Commissioner,62 T.C. 543, 548 (1974). We hold for respondent on two grounds. First, we believe that petitioner received the notices of deficiency in question without prejudicial delay. Second, whether petitioner received actual notice or not, the notices of deficiency were mailed to him addressed to his last known address. We have the unchallenged word of the mail carrier servicing Dick Balch Chevrolet in Federal Way, Washington, who, with certified mail receipts in hand, testified that he delivered both pieces of mail in question to petitioner's place of business (one of them within three days of its being mailed and the other on the very next day after *70 it was mailed). It is incredible to us that two such obviously important pieces of mail -- certified mail requiring receipts, originating with the Internal Revenue Service, and addressed to the owner of the business, personally -- both escaped being brought to petitioner's attention after being delivered to his place of business. Finding petitioner's testimony on this point incredible, we do not believe that he failed to receive either notice. We simply do not believe petitioner's bare assertions to the contrary. Furthermore, section 6212(b) provides that mailing of notices of deficiency to the taxpayer at his last known address shall be sufficient. A taxpayer's last known address is the address which, in the light of all relevant circumstances, the respondent reasonably believes the taxpayer wishes to have respondent use in sending mail to him. O'Brien v. Commissioner,supra at 548; Lifter v. Commissioner,supra at 821. Respondent sent the notices to petitioner at the exact place to which petitioner directed that mail to him be sent. Petitioner said that he wanted mail sent to him at "the dealership." Respondent sent the notices to *71 petitioner addressed to one of two addresses which the postal service (and the dealership, itself) treated as mail addresses of the dealership.We fail to understand what more respondent could have done to fulfill the purposes of the statutory plan for giving notice of deficiency determinations. Petitioner's wooden interpretation of section 6212 must be rejected. * * *
In accordance with the foregoing, An order dismissing this case for lack of jurisdiction will be entered.
Footnotes
1. Since this is a preliminary jurisdictional motion, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule.
2. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
3. 150 days if the notice is addressed to a person outside the United States.↩