JUDITH G. WILSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Wilson v. Commissioner
Docket No. 13172-79.
United States Tax Court
T.C. Memo 1980-258; 1980 Tax Ct. Memo LEXIS 329; 40 T.C.M. (CCH) 690; T.C.M. (RIA) 80258; July 17, 1980, Filed William A. Pietrangelo, for the petitioner. Robert W. Lynch, for the respondent. *330 DAWSON
MEMORANDUM OPINION DAWSON, Judge: This matter is before the Court on respondent's motion to dismiss for lack of jurisdiction on the ground that the petition in this case was filed after the 90-day period provided in section 6213. [1] Petitioner filed an objection to respondent's motion based on two grounds: (1) that the notice of deficiency dated June 11, 1979, was not sent to her last known address and (2) that her petition was timely filed on September 10, 1979, when it was placed in the hands of Emery Express for delivery to the Tax Court. Oral arguments were made by counsel for the parties on April 28, 1980, at Philadelphia, Pennsylvania. The facts were stipulated and briefs were subsequently filed. The pertinent facts are set forth below. A joint Federal income tax return for the year 1975 in the names of William B. Wilson and Judith G. Wilson, 800 Airport Road, West Chester, Pennsylvania, was signed by them and received by the Internal Revenue Service on October 18, 1976. 800 Airport Road is the business address of William B. Wilson and his Subchapter S corporation *331 known as Wilsonaire, Inc. The business address of Judity G. Wilson (petitioner), who was a travel agent, was shown on Schedule C (Profit or Loss from Business or Profession) as 160 E. 72nd Street, New York, New York 10021. The income tax return of William B. Wilson and petitioner was later selected for examination and assigned to Revenue Agent H. Randolph Pomeroy. Several items listed on the return were recommended for adjustment--one was the disallowance of petitioner's personal New York rent expense claimed on Schedule C and another was to reflect on Schedule D the gain realized on the sale of the Wilsons' residence which was not previously reported in income. The adjustments were agreed to by Norman S. Wizer, who was then authorized to represent the petitioner and her husband in the matter. Revenue Agent Pomeroy closed his examination on September 9, 1977. Mr. Wizer's representation of petitioner terminated at that time. In March 1979, the Internal Revenue Service reopened the 1975 joint Federal income tax return of the Wilsons to propose a disallowance of a partnership loss of $307,974 attributed to William B. Wilson's partnership interest in Warwick Associates. The *332 reexamination was assigned on March 26, 1979, to Revenue Agent Timothy Weiss of the Philadelphia District Office. On march 28, 1979, Revenue Agent Weiss placed a long distance telephone call to Mr. Wilson's business address at 800 Airport Road, West Chester, Pennsylvania. He spoke with a Mrs. Zeller in Ma. Wilson's office who informed him that Mr. Wilson and the petitioner were separated and that the petitioner was living in New York. On the same day Revenue Agent Weiss placed a long distance telephone call to Robert Clark, a certified public accountant who represented Mr. Wilson, and inquired about obtaining consents to extend the statute of limitations for assessment for the year 1975. Mr. Clark informed him that he thought the petitioner would not sign a consent but that he would have Mr. Wilson contact him and clarify the situation. Mr. Wilson did not contact Mr. Weiss, and Mr. Weiss took no further action to contact Mr. Wilson. Mr. Weiss also did not contact the petitioner by telephone or mail at her New York business address. Petitioner did not provide respondent with any mailing address other than the business addresses shown on the 1975 joint Federal income tax return. *333 Nor had the petitioner executed any power of attorney, other than the one to Mr. Wizer, prior to the issuance of the statutory notice of deficiency. On June 11, 1979, respondent sent by certified mail a single joint notice of deficiency to William B. Wilson and petitioner at 800 Airport Road, West Chester Pennsylvania 19380, the address shown on the first page of their Form 1040 for the year 1975. The notice determined an income tax deficiency of $128,730 for that year. William B. Wilson received the notice of deficiency and timely filed his petition with the Tax Court on September 10, 1979, in Docket No. 13094-79 contesting the disallowance of the partnership loss. At the close of business on Friday, August 31, 1979, Mr. Wilson's divorce attorney had delivered to William A. Pietrangelo, counsel who represented petitioner in the divorce action, a copy of the notice of deficiency. On September 4, 1979, Mr. Pietrangelo's office sent the notice of deficiency to petitioner together with a power of attorney to represent her with respect to the tax matters for the year 1975. Petitioner signed the power of attorney on September 5, 1979. Mr. Pietrangelo prepared an adequate petition *334 on behalf of the petitioner and signed it as her attorney, although he was not then admitted to practice before the Tax Court. On Monday, September 10, 1979, the last day for filing a timely petition with respect to the deficiency notice for 1975, thel petitioner, through her attorney, gave her petition to Emery Express, a private delivery service, for delivery to the Tax Court. The petition was hand delivered by Emery Express and received by the Court on September 11, 1979. On these facts respondent contends that the single joint notice of deficiency was sent to petitioner by certified mail to her last known address, i.e., 800 Airport Road, West Chester, Pennsylvania, as shown on the face of the 1975 joint income tax return. Therefore, he argues that since the petition was filed with the Court one day late, the Court lacks jurisdiction. To the contrary, petitioner argues that the facts support her position that respondent's agent had possession and knowledge of her New York business address, as reflected on Schedule C of the joint return, and that such address was petitioner's "last known address" which respondent should have used to communicate with the petitioner. We agree *335 with the respondent. Section 6212 provides that, if the respondent determines that there is a deficiency in a taxpayer's Federal income tax, he is authorized to send a notice of such deficiency by certified or registered mail. In general, the notice will be sufficient if mailed to the taxpayer's "last known address." Section 6212(b)(1). With respect to joint income tax returns filed by husband and wife, section 6212(b)(2) permits the respondent to send a single joint notice of deficiency, except where he has been "notified by either spouse that separate residences have been established." [2] In that event, "in lieu of the single joint notice, a duplicate original of the joint notice shall be sent by certified mail or registered mail to each spouse at his last known address." Section 6212(b)(2). For the purposes of section 6212, a taxpayer's "last known address" is that address to which, in light of all the facts and circumstances, the respondent reasonably believed the taxpayer *336 wished the notice of deficiency to be sent. Delman v. Commissioner, 384 F.2d 929 (3d Cir. 1967); Looper v. Commissioner, 73 T.C. 690 (1980). The "last known address" is usually the address shown on the fact of the tax return filed by a taxpayer. However, the respondent is not entitled to rely on that address if he is notified by the taxpayer of a change in address. Keeton v. Commissioner, 74 T.C.     (May 21, 1980); O'Brien v. Commissioner, 62 T.C. 543 (1974). But once the respondent becomes aware of a change in address, he must exercise reasonable care and diligence in ascertaining and mailing the notice of deficiency to the correct address. Johnson v. Commissioner, 611 F.2d 1015 (5th Cir. 1980); Keeton v. Commissioner, supra.
Here we think the respondent complied with the provisions of section 6212(b)(2) when he sent the single joint notice of deficiency to the address shown on the face of the 1975 joint Federal income tax return filed by the Wilsons. The more fact that Revenue Agent Weiss telephoned Mr. Wilson's office and was told by a Mrs. Zeller that the petitioner was separated from Mr. *337 Wilson and living in New York [3] did not constitute a clear and concise notification "by either spouse that separate residences" had been established by them. Under the plain language of section 6212(b)(2) the duty and obligation fell squarely on the petitioner or Mr. Wilson to notify the district director that each had a separate residence so that a duplicate original of the joint notice would be sent to the new separate address. In the absence of such notification by "either spouse," the district director properly sent the single joint notice of deficiency to the address shown by both of the Wilsons on the face of their return. In these circumstances the district director was not required or obligated to send a duplicate original of the joint notice to petitioner at her business address in New York. Accordingly, we hold that the single joint notice addressed to William B. Wilson and the petitioner at 800 Airport Road, West Chester, Pennsylvania, was sent to the "last known address" of both in compliance with the provisions of section 6212(b)(2). [4]
*338 We also reject petitioner's contention that the placing of the petition in the hands of Emery Express on September 10, 1979, for delivery to the Tax Court constituted a timely filing of the petition on that date. To be timely, a petition must actually be received by the Tax Court within the 90-day period (or 150-day period if applicable) after a deficiency notice is mailed, or it must be received in an envelope, correctly addressed to the Court, which bears a legible United States postmark of a date within the 90-day period. See section 7502 and section 301.7502-1, Proced. & Adm. Regs. Under the statute and regulations the petition must be deposited within the prescribed time in "the mail in the United States" with sufficient postage prepaid. A petition is deposited in "the mail in the United States" when it is deposited with "the domestic mail service of the United States Post Office." Section 301.7502-1(c), Proced. & Adm. Regs. Neither the statute nor the regulations provide for depositing the petition (document) with a private delivery service, such as Emery Express. If the petitioner's attorney had delivered the petition to the United States Post Office and had it postmarked *339 on September 10, 1979, or had sent it by United States registered or certified mail, as provided by section 7502(c), the receipt of the petition by the Tax Court on September 11, 1979, would have been timely. In view of the conclusions reached herein, we will grant the respondent's motion to dismiss this case for lack of jurisdiction on the ground that the petition was not timely filed. [5]
An appropriate order will be entered. Footnotes
1. All section references herein are to the Internal Revenue Code of 1954, as amended.↩
2. Section 301.6212-1(b)(2), Proced. & Adm. Regs., provides that "the notice of separate residences should be addressed to the district director for the district in which the joint return was filed."↩
3. The information given by Mrs. Zeller may have been inaccurate because the petition filed herein states that petitioner's residence as of September 1979 was 1615 Boot Road, West Chester, Pa. 19380. ↩
4. Even if we were to conclude in these circumstances that the petitioner's business address at 160 E. 72nd Street, New York City, was in fact her "last known address," we would hold that "the purposes of section 6212 have been fully accomplished" because the petitioner "received actual notice of the deficiency before the running of the statute of limitations and within sufficient time to prepare and file a petition with this Court." Lifter v. Commissioner, 59 T.C. 818, 824 (1973). See also Clodfelter v. Commissioner, 57 T.C. 102 (1971), affd. 527 F.2d 754 (9th Cir. 1975); Goodman v. Commissioner, 71 T.C. 974↩ (1979). Here the petitioner had actual notice of the deficiency at least by September 5, 1979, and her attorney had prepared her petition and had it ready for filing on or before September 10, 1979. Clearly the petition would have been timely filed if it had been delivered to the United States Post Office and postmarked on September 10, 1979.
5. To prevent undue and unnecessary hardship on the petitioner, we trust that the respondent will suspend any collection of his assessment against petitioner until the deficiency determined against William B. Wilson has been litigated on its merits in Docket No. 13094-79 or settled by mutual agreement of the parties.↩