NORMAN E. BURKE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Burke v. Commissioner
Docket No. 16901-80.
United States Tax Court
T.C. Memo 1981-186; 1981 Tax Ct. Memo LEXIS 560; 41 T.C.M. (CCH) 1292; T.C.M. (RIA) 81186; April 20, 1981. Norman E. Burke, pro se. Susan B. Watson, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Fred S. Gilbert, Jr., pursuant to the provisions *561 of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GILBERT, Special Trial Judge: On June 5, 1980, respondent sent a notice of deficiency to petitioner at 411 Chestnut Avenue, Baltimore, Maryland 21204, by certified mail, determining the following deficiencies in petitioner's Federal income taxes and additions to tax: Additions to Tax
Year
Deficiency
Sec.6653(b)
Sec.6654
1972
$ 6,239.00
$ 3,120.00
$ 151.62
1973
$ 4,775.00
$ 2,388.00
$ 152.00
On September 5, 1980, 92 days after the notice of deficiency was mailed by respondent, a petition for redetermination of the deficiencies and additions to *562 tax determined by respondent was hand delivered by petitioner to this Court. Respondent subsequently filed a motion to dismiss for lack of jurisdiction on the ground that the petition was not filed within the time prescribed by section 6213(a). In response, petitioner filed a motion to dismiss for failure of the respondent to send the notice of deficiency to his last known address and answer to the respondent's motion. FINDINGS OF FACT At the time the petition herein was filed, petitioner resided in Baltimore, Maryland. Petitioner has admitted that his petition was not filed within the 90-day period prescribed by section 6213(a). Respondent has conceded that the notice of deficiency was not mailed to the last known address of petitioner but, rather, to a former address. Petitioner's ex-wife resided at that former address and gave him the notice of deficiency, on or about July 6, 1980, when he happened to go there to visit his children. OPINION Since the petition was filed after the statutory period had expired, we must, in any event, dismiss this proceeding for lack of jurisdiction. If we dismiss it on the ground that the notice of deficiency was not sent to petitioner's *563 last known address, the effect would be to vitiate the notice and any assessment of tax related thereto. O'Brien v. Commissioner, 62 T.C. 543, 548 (1974). If, instead, we dismiss this proceeding on the ground that the petition was not timely filed, the validity of the notice and any assessment related thereto would not be affected. O'Brien v. Commissioner, supra at 548. Petitioner would, of course, then not be entitled to challenge the merits of the deficiency in this Court. He would be required to pay the full amount of any assessment related to the deficiency and file a claim for refund before he would be allowed to challenge its merits in court, by virtue of filing a suit for refund. Section 7422; Flora v. United States, 362 U.S. 145 (1960). In Keeton v. Commissioner, 74 T.C. 377 (1980), this Court stated that, although the petition was not mailed to or received by it within the period prescribed in sections 6213(a) and 7502, if respondent had not sent the notice to the last known address of the taxpayers, it would dismiss on the ground that respondent failed to issue a valid notice of deficiency, rather *564 than on the ground that the taxpayers failed to file a timely petition. [3] The Court then found that respondent had not sent the notice of deficiency to the taxpayers' last known address and, accordingly, granted the taxpayers' motion to dismiss on the ground that respondent failed to issue a valid notice of deficiency. The pertinent facts in Keeton v. Commissioner, supra, may be summarized as follows. Respondent had instituted and participated in criminal tax proceedings against the taxpayers, Mr. and Mrs. Keeton. As a result of those proceedings, Mr. and Mrs. Keeton were convicted of Federal income tax evasion. Mr. Keeton surrendered to the custody of the U.S. marshal and Mrs. Keeton, subject to the jurisdiction of Federal probation authorities, moved from the taxpayers' former residence to a residence nearer to the Federal Penitentiary in Leavenworth, Kansas, where Mr. Keeton was to be incarcerated. Subsequently, on April 15, 1977, respondent mailed a notice of deficiency to the taxpayers' former address, which *565 the Court found not to be their last known address. The 90-day period for filing a petition with this Court expired on July 14, 1977. The petition was mailed by the taxpayers' attorney on July 15, 1977, 91 days after the notice of deficiency was mailed. There is no indication in that case as to when the taxpayers received the notice of deficiency or as to why the petition was not timely filed. We think this case is controlled by our opinion in the Keeton case. Respondent argues that petitioner failed to file a timely petition as a result of "his miscalculation of the number of days remaining before expiration of the ninety day period." It seems quite probable that Mr. and Mrs. Keeton's petition was also not timely mailed [4] as a result of such an erroneous miscalculation, considering that it was mailed on the 91st day, rather than the 90th day, after the notice of deficiency. The reason why the petition was not filed on time (other than failure of the notice to be sent to the last known address) was not taken into consideration in the Keeton case; we, likewise, consider it to be of no moment in the instant case. *566 Here, as in the Keeton case, we find inapposite those cases cited by respondent in which defects in the mailing of the notices were regarded as merely technical, inasmuch as the taxpayers did receive copies of them and did file timely petitions. Keeton v. Commissioner, supra at 385. As noted in the Keeton case, a holding that respondent had issued a valid notice would lead to petitioner being deprived of a prepayment hearing. This Court has often said that, in the absence of a clear congressional intent, it should not adopt an interpretation that results in the right to a prepayment hearing being curtailed. Levy v. Commissioner, 76 T.C.     (Feb. 12, 1981), and cases cited therein. In accordance with the above, respondent's motion to dismiss on the ground that the petition was not timely filed will be denied and petitioner's motion to dismiss on the ground that the notice of deficiency was not mailed to his last known address will be granted. An appropriate order will be entered. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.
3. See also Heaberlin v. Commissioner, 34 T.C. 58 (1960); and Walsh v. Commissioner, T.C. Memo. 1964-243↩.
4. If a petition is mailed within the period prescribed by section 6213(a), the date of the United States postmark stamped on the cover in which the petition is mailed is deemed the date of filing, provided the cover was properly addressed and the postage prepaid, under section 7502(a).↩