JOSE A. FERRE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ferre v. Commissioner
Docket No. 3949-80.
United States Tax Court
T.C. Memo 1982-425; 1982 Tax Ct. Memo LEXIS 322; 44 T.C.M. (CCH) 605; T.C.M. (RIA) 82425; July 27, 1982. Kennard I. Mandell, for the petitioner. Robert E. Marum, for the respondent. TANNENWALD
MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Chief Judge: This case was assigned to Special Trial Judge Daniel J. Dinan for hearing and is before the Court on respondent's motion to dismiss for lack of jurisdiction. *323 The Court agrees with and adopts his Opinion, which is set forth below. [1]
OPINION OF THE SPECIAL TRIAL JUDGE DINAN, Special Trial Judge: This case is before us on respondent's motion to dismiss for lack of jurisdiction on the ground that the petition herein was not filed within the time limits set forth in section 6213(a). [2]
On October 26, 1979, respondent mailed joint duplicate original statutory notices of deficiency by certified mail to petitioner and Mrs. Patricia Ferre at 1643 Brickell Avenue, Miami, Florida 33129 and at 8630 S.W. 94th Street, Miami, Florida 33156 and by registered mail to petitioner and Mrs. Patricia Ferre at La Alhambra, Box 1589, Ponce, Puerto Rico 00731. Petitioner concedes that he received the notice of deficiency on November 2, 1979, although he alleges that such receipt occurred in Puerto *324 Rico. Petitioner filed his petition with this Court on March 20, 1980, which date was 146 days after the mailing of the notice of deficiency on October 26, 1979. Respondent contends that petitioner was a resident of Dade County, Florida, on October 26, 1979, and that the petitioner should have filed his petition on or before January 24, 1980, which date was 90 days from the time the statutory notice was mailed on October 26, 1979. Section 6213(a) sets forth the time frame for filing a petition in this Court after a statutory notice has been mailed. It provides, in pertinent part: Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. At the outset, we note that the 150-day rule does not apply merely because a deficiency notice is addressed to a taxpayer at an address outside the United States; the proper test is whether the taxpayer was in fact outside the United States. Estate of Lombard v. Commissioner,66 T.C. 1, 4 (1976); *325 Estate of Krueger v. Commissioner,33 T.C. 667, 668 (1960); Lawton v. Commissioner,T.C. Memo. 1979-203. We also note that petitioner does not contend that the deficiency notices addressed to him at the Miami, Florida, addresses were not sent to the "last known address" as required by section 6212(b)(1), in which event we would have a different issue before us. O'Brien v. Commissioner,62 T.C. 543, 548 (1974). The sole issue before us is whether the petition was timely filed because the petitioner was "outside the United States" [3] at the pertinent time. That issue is factual and the burden of proof is on the petitioner. Rule 142(a), Tax Court Rules of Practice and Procedure. We have carefully examined the record herein and find and hold that he was not. The record is replete with testimony [4] and documentary evidence which convinces us that petitioner was both a resident of and physically present in Florida both at the time the statutory notice was mailed and at the time it was received. [5] Even if petitioner were a resident of Puerto Rico, as he contends, he has not established that he was in Florida for such a brief period *326 of time so as to fall within the ambit of Lewy v. Commissioner,68 T.C. 779 (1977). And, based upon our finding that he was a resident of Florida, he has not shown that he was "outside the United States" for a sufficient period of time to be entitled to the benefit of the 150-day period provided in section 6213(a) within the ambit of Levy v. Commissioner,76 T.C. 228 (1981). *327 In view of our holding, petitioner's motion to change the place of trial will be denied. An appropriate order will be entered.
Footnotes
1. The Court has determined, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, that the post-hearing procedures set forth in that rule are not applicable to this case.
2. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect at the pertinent times.↩
3. Section 7701(a)(9) provides that "[t]he term 'United States' when used in a geographical sense includes only the States and the District of Columbia." ↩
4. At the hearing in this case, petitioner's ex-wife appeared and testified that petitioner was a resident of and physically present in Miami, Florida, on October 26, 1979. Petitioner was present in the courtroom during his ex-wife's extensive testimony, yet, when he later testified on his own behalf, he failed to refute the full and precise testimony of his ex-wife that he lived in Miami during the relevant period. ↩
5. Under the circumstances of this case, we find it unnecessary to make the choice as to whether the critical date was the date of mailing or the date of receipt of the notice. See Malekzad v. Commissioner,76 T.C. 963, 969-970 (1981); Levy v. Commissioner,76 T.C. 228, 231↩ (1981).