**Jose A. FERRE, Petitioner, Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent, Appellee.**

No. 83–1220.

United States Court of Appeals, First Circuit.

Submitted Sept. 13, 1983.

Decided Oct. 7, 1983.

Robert A. Trevisani, John M. Truelove, and Gadsby & Hannah, Boston, Mass., on brief, for petitioner, appellant.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Ann Belanger Durney, and Kristina E. Harrigan, Attys., Tax Div., Dept. of Justice, Washington, D.C., on brief, for respondent, appellee.

Before BOWNES, Circuit Judge, ALDRICH and COWEN *, Senior Circuit Judges.

BAILEY ALDRICH, Senior Circuit Judge.

This is an appeal from the dismissal of petitioner's suit brought in the Tax Court to determine the validity of an income tax deficiency assessment because not filed within 90 days of the mailing of the deficiency notice. 44 T.C.M. (CCH) 605 (1982). Petitioner, who had filed in 146 days, claims he had 150 days because the notice was "addressed to a person outside the United States." [1]

The evidence showed that triplicate notices were sent: two to addresses in Florida; one to an address in Puerto Rico. Un-

---

1. 26 U.S.C. § 6213(a) provides: "Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the no- tice of deficiency authorized in section 6212 is mailed ..., the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency."

der the statute, Puerto Rico is "outside the United States." *See* 26 U.S.C. § 7701(a)(9). Petitioner shortly received the Puerto Rico notice and at least one of the Florida notices. Although there was some dispute, the court warrantably found that at the dates of both mailing and receipt of the notices petitioner was a resident of, and present in Florida. It held, accordingly, that he was required to file within 90 days, and, the statute being jurisdictional, dismissed the action. We agree.

The present question has arisen in many forms, as a number of cases discussed in the opinion of Judge Nims in *Looper v. Commissioner,* 73 T.C. 690 (1980) illustrate. The court there pointed out that the manifest purpose of the statutory alternatives was "recognition that the receipt of mail is often delayed when it travels abroad." *Id.* at 694. To this we would add recognition that taxpayers outside the United States may face logistic difficulties even if the notice is received promptly.

Petitioner, being physically in the United States, and having received a notice addressed to him there, was faced with neither of these difficulties, and fell precisely within the 90 day clause, whether the word "addressed" be read as relating to the notice or to the taxpayer personally. *See Looper,* ante, at 694.[2] It would be standing the statute on its head to afford him a bonus simply because, out of caution, the Commissioner sent an extra copy to a Puerto Rico address.

A taxpayer in some circumstances could reasonably be misled by language, and not stop to analyze the statutory purpose. In such a case the government might well be barred from defending on it. We do not face the question that petitioner seeks to put, what should result if petitioner, although a resident of the United States, had been in Puerto Rico, and had there received the copy of the notice with the Puerto Rico

address. The decision of the Tax Court is affirmed.

---

**2.** The court said, "The literal terms of the statute can support a reading that the 150-day rule applies either when the taxpayer is out of the country or when the address on the notice is a foreign address." However, in stating that the present decision is, accordingly, "in direct conflict with ... *Looper,*" petitioner ignores the caveat in footnote 5 in *Looper* against "endless" extension, exactly covering the present facts.