ROBERT J. AND MARY E. BAPTIST, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Baptist v. Commissioner
Docket No. 22854-89
United States Tax Court
T.C. Memo 1990-400; 1990 Tax Ct. Memo LEXIS 417; 60 T.C.M. (CCH) 315; T.C.M. (RIA) 90400; July 30, 1990, Filed Respondent's motions to vacate, open the records and reconsider will be denied. Ps filed a motion to dismiss for lack of jurisdiction as to their 1985 and 1986 taxable years on the grounds that the notice of deficiency was not sent to their "last known address." R had received Ps' 1987 return reporting a new address 67 days prior to mailing the notice. R did not place the new address information into his computer until 105 days after receipt. In T.C. Memo. 1990-280 we held that R, due to a lack of evidence or proof, did not show that he exercised "reasonable care and diligence" in processing new address information. R moved to open the record for new evidence, to vacate, and to reconsider our opinion. In Abeles v. Commissioner, 91 T.C. 1019 (1988), we established a new standard for "last known address." R argues that we have varied from that standard or misapplied it. Held: Abeles v. Commissioner, supra, interpreted. Held further: R's motions to open the record, to vacate, and to reconsider are all denied. Leonard Thomas Bradt, for the petitioners. Terry W. Vincent and Robert J. Fitzpatrick, for the respondent. GERBER, Judge. GERBER
MEMORANDUM OPINION In response our opinion in T.C. Memo. 1990-280, granting petitioners' motion to dismiss for lack of jurisdiction, respondent has filed the following motions: (1) Motion to Reopen Record -- in order to receive the affidavit of Robert J. Carver, Director, Return Processing and Accounting Division, Internal Revenue Service, concerning the "policies, procedures, and programs of the Internal Revenue Service Centers, including the policy behind the practice of recording and depositing payments prior to processing of returns and address information." (2) Motion to Vacate Order of Dismissal -- The purpose of this motion is solely to enlarge the *419 time within which respondent would be permitted to appeal our holding in T.C. Memo. 1990-280. Because we are not able to consider and rule upon respondent's Motion to Reopen Record and Motion for Reconsideration within the normal appeal period, it was necessary to grant respondent's motion to vacate solely to permit an enlarged time within which respondent may appeal. (3) Motion For Reconsideration -- to consider whether the Court utilized the proper standard for determining whether respondent mailed the notice of deficiency to petitioners' last known address.
Respondent, in his Memorandum of Law in Support of Motion for Reconsideration of Opinion, argues that his established procedures and guidelines for input of address information into the computer constitute the proper processing of returns. More specifically, respondent argues that the following language from our opinion in Abeles v. Commissioner, 91 T.C. 1019, 1035 (1988), contains the proper standard: For purposes of determining whether a notice of deficiency has been properly mailed to the taxpayer's last known address, we now hold that a taxpayer's last known address is that address which *420 appears on the taxpayer's most recently filed return, unless respondent has been given clear and concise notification of a different address. For these purposes, however, we hold that a taxpayer's "most recently filed return" is that return which has been properly processed by an IRS service center such that the address appearing on such return was available to respondent's agent when that agent prepared to send a notice of deficiency in connection with an examination of a previously filed return. Further, we hold that the address from the more recently filed return is available to the agent issuing a notice of deficiency with respect to a previously filed return, if such address could be obtained by a computer generation of an IRS computer transcript using the taxpayer's TIN in the case of a separately filed return, or both taxpayers' TIN in the case of a previously filed joint return. (Fn. ref. omitted.)
Respondent argues that "a taxpayer's 'last known address' is the address contained upon the return, when that return had been properly processed." (Emphasis supplied.) The opinion in Abeles did not address the question of the time period for putting the return *421 information into the computer, but instead the term "properly processed" was utilized. Respondent goes on to argue that "a 'properly processed return' can only reasonably mean what the Service can accomplish under both the legal requirements it must fulfill and budgetary constraints which dictate administrative practices." Respondent, as he argued prior to the motions under consideration, is promoting a standard which would not charge him with notice of an address that was within his possession until and unless it was input into the computer. [1]
*422 Respondent argues that the Court should not have a role in determining whether his actions in a particular case constitute a proper processing. He argues that such matters constitute administrative decisions outside the Court's jurisdiction. There is no question here that petitioner had clearly and concisely notified respondent of a new address. The question we were compelled to answer in T.C. Memo. 1990-280, was whether respondent, after receiving clear and concise notification of a new address, exercised "reasonable care and diligence" in determining petitioners' correct address. To decide that question we must decide whether respondent's practice of delaying the input of the address for a period of time (in this case 105 days) is an exercise of "reasonable care and diligence." We must make this inquiry or respondent would be able, at various times, to administratively justify, without judicial review, different amounts of delay to the detriment of taxpayers. We must keep in mind that we are dealing with the concept of notifying taxpayers of a deficiency determination and attempting to provide them with an opportunity to contest such determinations without first *423 having to pay the tax. In such a setting we should be most careful to promote and insure that the notification goes to the taxpayer's correct address. The facts in this case are undisputed. Respondent was examining petitioners' 1985 and 1986 taxable years and treated 5458 Apple Blossom, Friendswood, Texas 77546 (Apple Blossom address) as petitioners' most current and "last known address." Petitioners' 1987 Federal income tax return was filed with respondent on April 18, 1988, [2] and reported 680 Kenwood Road, Fayetteville, Georgia 30214 (Kenwood address) as their current address. Petitioners resided at the Kenwood address at the time their petition was filed on September 18, 1989. *424 On June 24, 1988 (67 days after the filing of petitioners' 1987 return containing the Kenwood address), respondent sent a statutory notice of deficiency to petitioners for their 1985 and 1986 taxable years. The notice was mailed to the Apple Blossom address. Respondent did not place the Kenwood address into the computer until August 1, 1988, some 105 days after petitioners' 1987 return was filed (on April 18, 1988). The essence of our holding focused upon whether respondent "exercised reasonable care and diligence." Respondent has been permitted to treat the address on the return under examination as a taxpayer's last known address, absent "clear and concise notification" of an address change. Alta Sierra Vista, Inc. v. Commissioner, 62 T.C. 367, 374 (1974), affd. without published opinion 538 F.2d 334 (9th Cir. 1976). When notified of a change of address, respondent must exercise reasonable care and diligence in determining the correct address for the mailing of a notice of deficiency. Keeton v. Commissioner, 74 T.C. 377, 382 (1980); Alta Sierra Vista, Inc. v. Commissioner, supra at 374; O'Brien v. Commissioner, 62 T.C. 543, 550 (1974). *425 Whether respondent has exercised reasonable care and diligence must be determined in light of all the facts and circumstances. The relevant inquiry is to respondent's knowledge of a taxpayer's last known address, rather than what may in fact be the taxpayer's most current address. Frieling v. Commissioner, 81 T.C. 42, 49 (1983); Weinroth v. Commissioner, 74 T.C. 430, 435 (1980); Keeton v. Commissioner, supra at 382; Alta Sierra Vista, Inc. v. Commissioner, supra at 374. Respondent's knowledge at the time of mailing a notice of deficiency is that which he knew or should have known with respect to the taxpayer's last known address. Abeles v. Commissioner, 91 T.C. 1019 (1988); Monge v. Commissioner, 93 T.C. 22 (1989). In this case, although respondent's office had received petitioners' later year return (1987) with their Kenwood (new) address on April 18, 1988 (67 days before issuance of the notice of deficiency), the new address information was not available in respondent's computer system until August 1, 1988 (105 days after the filing of the 1987 return). In this case, *426 respondent did not offer any evidence to show that the period of delay (in placing the new address in the computer) between the receipt of the 1987 return (April 18) and the mailing of the notice (June 24) was reasonable, i.e., that respondent exercised reasonable care and diligence in determining the correct address for the mailing of a notice of deficiency. Keeton v. Commissioner, supra at 382; Alta Sierra Vista, Inc. v. Commissioner, supra at 374; O'Brien v. Commissioner, supra at 550. See also Abeles v. Commissioner, supra at 1035 n.11. Respondent has shown that the petition was untimely and petitioners went forward with evidence showing that the notice was not sent to their last known address, thereby shifting the burden of going forward with evidence to respondent to show that the Kenwood address was not petitioners' "last known address." Petitioners have shown that the Kenwood address was available to respondent prior to mailing the notice of deficiency and respondent was required to show that the Kenwood address was not petitioners' "last known address." In doing so, respondent must show that *427 he exercised reasonable care and diligence in determining petitioners' last known address. Respondent failed to make such a showing here and his motion to dismiss was denied and petitioners' motion to dismiss was granted. Although respondent had shown the steps that are taken to record a new address into his computer system and, further, that such steps were in accord with respondent's usual practices, the record in this case does not show that respondent's choice to put off the recording of new addresses until other functions are first performed is reasonable and diligent. For example and as petitioners argued, there is no indication that respondent was unable to record or input addresses upon receipt of returns and prior to processing other items. It may be reasonable to delay recording the new addresses until after payments are recorded and deposited. On the other hand, it may not be reasonable to delay input of the new addresses until after payments are recorded and deposited if the new address input could have been accomplished at the same time. The determination of what is reasonable and diligent is a "facts and circumstances" test which must be judged and balanced in each *428 case. Without further information about the choices that respondent may have in ordering the priorities in this area, we are unable to measure whether reasonable care and diligence was exercised. Accordingly, respondent has failed to show in this case [3] that the amount of elapsed time from notification to availability to his employees was reasonable. With respect to respondent's Motion to Reopen Record, we observe that the affidavit offered (that of Robert J. Carver) concerns the question of whether the delay in processing taxpayers' new addresses reflect that respondent has acted with reasonable *429 care and diligence after receipt of a clear and concise notification by a taxpayer of a new address. Unfortunately, we consider this offer to be untimely. The parties were provided a hearing and permitted to submit written argument regarding their positions. The motions were heard on agreed facts and 46 pages of transcript were consumed in oral argument and discussion of the issues. We found that respondent did not meet his burden of showing that he had exercised reasonable care and diligence regarding the delay in processing new addresses. Respondent is now offering evidence which was available at the time of the hearing and its receipt at this time would be prejudicial to petitioners and disturb the finality of our holding. Bankers Pocahontas Coal Co. v. Burnet, 287 U.S. 308 (1932), affg. 55 F.2d 626 (4th Cir. 1932), affg. Strother v. Commissioner, 18 B.T.A. 901 (1930). To reflect the foregoing, Respondent's motions to vacate, open the record, and reconsider will be denied. Footnotes
1. We note that respondent in Rev. Proc. 90-18, 1990-13 I.R.B. 19 (dated Mar. 26, 1990), has established standards within which address information from a filed return or document will be considered constructively within his knowledge. Neither the opinion in T.C. Memo. 1990-280↩ nor this opinion reaches the question of whether the standards established by respondent meet the requirement that after notice of a new address respondent take reasonable care and diligence in determining the taxpayer's correct address. Here we address only the question of whether this Court may consider or review respondent's reason for not inputting the address in his computer at the time it was received. If we decide here that we may consider these matters, then respondent may show, in another case, that his reasons are appropriate and that the delay in placing the address in the computer is "reasonable and diligent."
2. Although it has no bearing on the outcome of this case, we surmise that petitioners' return was received and/or filed by respondent on Apr. 18, 1988, but that it may have nevertheless been timely filed. Apr. 15, 1988, was a Friday and it is entirely possible that petitioners mailed their return on or before Apr. 15, 1988, but that it was not received until Apr. 18, 1988. See sec. 7502, Internal Revenue Code↩.
3. Respondent in his memorandum of law was critical of the Court's comment that a bright line test, such as the one set out in Rev. Proc. 90-18, supra, 1990-13 I.R.B. 19, may not be achievable. We have not and do not here consider whether the periods of time established by respondent in Rev. Proc. 90-18↩ are reasonable or unreasonable. That question we leave to another day.