JACQUE TIRADO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Tirado v. Commissioner
Docket Nos. 3841-79; 3842-79.
United States Tax Court
T.C. Memo 1979-448; 1979 Tax Ct. Memo LEXIS 80; 39 T.C.M. (CCH) 460; T.C.M. (RIA) 79448; November 8, 1979, Filed Stuart E. Abrams, for the petitioner. Larry Kars, for the respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: These cases are before us on respondent's motions, filed on May 10, 1979, to dismiss for lack of jurisdiction on the ground that the petitioners were not filed within the time period prescribed by section 6213(a) of the Internal Revenue Code of 1954. [1] A hearing on these motions, and on a motion to suppress evidence in a related case, was held on June 15, 1979. The parties *81 filed a stipulation of facts in connection with these motions on August 1, 1979. That stipulation, together with the exhibit attached thereto, is incorporated herein by this reference. At the hearing and again on brief, petitioner has objected to respondent's motions, arguing that these cases should instead be dismissed for lack of jurisdiction on the ground that the notice of deficiency, which the petitioner were filed to contest, was invalid because it was not mailed to petitioner at his last known address, as required by section 6212(b)(1). [2]
At the time the petitioners herein were filed, petitioner was a prisoner in Greenhaven State Prison, Stormville, New York. On July 28, 1972, a warrant authorizing the search of Apartment 8B, at 446 East 86th Street, New York, New York, *82 was issued by the Supreme Court of the State of New York, in New York County, on the basis of an affidavit executed by Patrolman John DeRosa of the New York Joint Task Force. [3] That apartment was leased and occupied by petitioner. The warrant was executed by a search of Apartment 8B conducted by the New York Joint Task Force on August 3, 1972. Within a few minutes after the search began, two plastic bags of cocaine were found, and petitioner, who was in the apartment at the time, was placed under arrest. He was incarcerated immediately thereafter. See footnote 4, infra.
Patrolman John DeRosa spoke with petitioner at the office of the New York Joint Task Force on August 4, 1972, in order to obtain information for a personal history sheet kept on each prisoner. During the course of this conversation, petitioner stated that his address or place of residence was 446 East 86th Street in Manhattan. Within a day or two after petitioner's arrest, Frank J. Panessa, a special agent of the United *83 States Bureau of Narcotics and Dangerous Drugs who participated in the New York Joint Task Force's search of petitioner's apartment, discussed petitioner with Eugene Moran, an agent of the Internal Revenue Service. Petitioner was released from prison on $50,000 bail on August 15, 1972. Petitioner remained free until his state criminal trial on a narcotics charge began in early December 1972. At that time, the amount of bail was increased, and petitioner, unable to meet bail, was again incarcerated. On October 19, 1972, respondent mailed to petitioner at 446 East 86th Street, New York, New York 10028, a notice of deficiency for the years 1970 and 1971. The 90-day period for filing a petitioner with this Court for redetermination of those deficiencies expired on Wednesday, January 17, 1973. Separate petitions for each taxable year were mailed in a single envelope postmarked on March 20, 1979, and were filed with this Court on March 23, 1979, more than six years after the expiration of the 90-day period. It is clear that if the deficiency notice was valid, the petitions were untimely. The validity of the deficiency notice turns on whether the address to which it was mailed *84 by respondent, 446 East 86th Street, New York New York 10028, was petitioner's last known address, as required by section 6212(b)(1). Petitioner contends that, on October 19, 1972, the date the statutory notice was mailed, his last known address was the prison where he had been incarcerated subsequent to his arrest on August 3, 1972, [4] because the fact of his arrest and incarceration had been communicated to an agent of the Internal Revenue Service by one of the arresting officers. We disagree and conclude, on the basis of this record, that respondent has complied with the requirements of section 6212(b)(1). For purposes of section 6212(b)(1), a taxpayer's last known address is that address which, in light of all relevant circumstances, the Commissioner reasonably believes that the taxpayer would wish him to use. Lifter v. Commissioner,59 T.C. 818, 821 (1973); *85 see also O'Brien v. Commissioner,62 T.C. 543, 550 (1974). Administrative realities demand that the burden fall upon the taxpayer to keep the Commissioner informed of his proper address. Alta Sierra Vista, Inc. v. Commissioner,62 T.C. 367, 374 (1974), affd. in an unpublished opinion 538 F.2d 334 (9th Cir. 1976). A taxpayer who alleges that a notice of deficiency has been sent to him at the wrong address must show that he gave the Commissioner clear and concise notice concerning a definite change in his address. Alta Sierra Vista, Inc. v. Commissioner,supra at 374; Lifter v. Commissioner,supra at 821; Budlong v. Commissioner, 58 T.c./ 850, 852 (1972); McCormick v. Commissioner,55 T.C. 138, 141 (1970). On this record, we conclude that respondent was not given notification of petitioner's imprisonment in a manner, and of a nature, that would require respondent to treat the prison as petitioner's last known address for the purposes of section 6212(b)(1). First, the knowledge obtained by respondent of petitioner's incarceration was not of sufficient clarity and precision *86 to fulfill petitioner's duty of providing clear and concise notice of a definite change in his address. Alta Sierra Vista, Inc. v. Commissioner,supra at 376. Petitioner does not allege that he informed respondent of the place where he was incarcerated or gave notice, in any manner, that his mail should be sent to him at the place of incarceration. Indeed, petitioner's statement to Patrolman DeRosa of the New York Joint Task Force on August 4, 1972, indicates that petitioner himself continued to regard 446 East 86th Street as his place of residence during the brief period of incarceration following his arrest. The only evidence that respondent was informed of petitioner's imprisonment is the testimony of Frank F. Panessa, a member of the New York Joint Task Force, that he discussed petitioner with Eugene Moran, an agent of the Internal Revenue Servicke, within a day or two of petitioner's arrest. There is no indication that Moran was told that petitioner was still incarcerated at the time of that discussion or that he was told where petitioner was incarcerated. [5]
*87 Furthermore, even assuming arguendo that respondent had adequate knowledge concerning petitioner's incarceration subsequent to his arrest, respondent would not have been required to mail the notice of deficiency to the prison. This Court and others have consistently held that, for the purposes of section 6212(b)(1), a taxpayer's last known address is his last permanent address or legal residence known by the Commissioner or the last known temporary address of definite duration to which the taxpayer has directed the Commissioner to send all communications. Gregory v. United States,102 Ct. Cl. 642, 57 F. Supp. 962, 973 (1944); Alta Sierra Vista, Inc. V. Commissioner,supra at 374; Buldong v. Commissioner,supra. at 852; McCormick v. Commissioner,supra at 141. Thus, the Commissioner may learn that a taxpayer is temporarily sojourning at a place other than his permanent address, e.g., jail, without being required to treat the address of temporary sojourn as the last known address for purposes of section 6212(b)(1). Cohen v. United States,297 F.2d 760, 773 (9th Cir. 1962); O'Brien v. Commissioner,supra at 549. *88 While the Commissioner is bound to exercise reasonable diligence in ascertaining a taxpayer's correct address, Alta Sierra Vista, Inc. v. Commissioner,supra at 374, the statute clearly does not place upon the Internal Revenue Service the duty of finding out before the mailing of a deficiency notice whether the taxpayer is still at some temporary address of uncertain duration. McCormick v. Commissioner,55 T.C. at 141-142. [6]
It is evident from the record that the prison in which petitioner was incarcerated following his arrest was neither a permanent address nor a temporary address of definite duration and there is no suggestion in the record that respondent or his agent had or should have had reason to believe otherwise. Since petitioner had not yet been convicted of a crime when he was incarcerated on August 3, 1972, the duration of his stay in prison was uncertain. In fact, petitioner remained in prison less than two weeks before he was released on bail. Moreover, petitioner did not return to prison until December 1972 and was not in prison on October 19, 1972, the *89 date the deficiency notice was mailed. DiViaio v. Commissioner,539 F.2d 231 (D.C. Cir. 1976), revg. an order of dismissal of this Court, United States v. Eisenhardt,437 F.Supp. 247 (D. Md. 1977), and Barack v. United States, an unreported case ( E.D. Mo. 1956, 51 AFTR 1350, 1956-2 USTC par. 9961), relied upon by petitioner, in each of which the place of incarceration was held to be the taxpayer's last known address, are distinguishable because the period of imprisonment of the taxpayers therein could not be considered merely temporary or of indefinite duration. In DiViaio, the taxpayer had been in a Federal penitentiary for more than two years at the time the notice of deficiency was mailed, [7] while, in Eisenhardt and Barack, the taxpayers had been sentenced to prison terms of five years and 18 months, respectively, and the courts found that the respondent had knowledge that they were in prison at the time the deficiency notices were mailed. *90 Under the circumstances revealed in this record, the unreasonableness of requiring respondent to mail a notice of deficiency to an address of temporary and indefinite duration (absent a specific designation by petitioner to that effect) is apparent; there is no basis for assuming that mailing the notice to the prison would have increased the likelihood that the objective of section 6212(b)(1) -- providing petitioner with notice of the determination of a deficiency in sufficient time to allow him to file a timely petition for redetermination with this Court ( Goodman v. Commissioner,71 T.C. 974, 977 (1979); O'Brien v. Commissioner,62 T.C. at 550; cf. Zaun v. Commissioner,62 T.C. 278 (1974)) -- would be achieved. Indeed, we think that, in all probability, a notice mailed more than two months after petitioner's release, to a prison where he was incarcerated for only 12 days, would be less likely to reach him than a notice mailed to 446 East 86th Street, his last permanent place of residence. In this regard, we note that petitioner has neither alleged nor proven that he did not return to his former place of residence after his release *91 from prison on August 15, 1972, or that he did not receive the notice of deficiency at 446 East 86th Street shortly after it was mailed and within sufficient time to allow him to file a timely petition with this Court. Accordingly, we reject petitioner's position that the petitions be dismissed on the ground that the deficiency notice was invalid and grant respondent's motions to dismiss the petitions for lack of jurisdiction on the ground that the petitions were not timely filed. Appropriate orders will be issued.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended. ↩
2. In regard to this Court's jurisdiction to rule on the invalidity of a notice of deficiency and dismiss for lack of jurisdiction on that ground where the petition was not timely filed, see Shelton v. Commissioner,63 T.C. 193 (1974); O'Brien v. Commissioner,62 T.C. 543↩ (1974).
3. The New York Joint Task Force was a law enforcement unit composed of Federal, State, and City police officers responsible for the enforcement of Federal and State narcotics laws.↩
4. Petitioner did not state, either at the hearing or on brief, in which prison he was incarcerated during that period and the record contains no evidence on this point except for the testimony of Sepecial Agent Panessa that "It's very possible that the first night he might have been incarcerated at Federal Detention Center or * * * at the Tombs."↩
5. In fact, Panessa did not even state explicitly that he told Moran that petitioner had been incarcerated. Panessa merely testified that he discussed petitioner with Moran after the arrest.↩
6. See also Escalera v. Commissioner,T.C. Memo. 1979-307↩.
7. Moreover, in that case, the deficiency notice had actually been mailed to the warden of the penitentiary with a request that he serve the notice on petitioner; the District of Columbia Circuit Court of Appeals held that the warden was the agent of respondent and that the petition was timely because filed within 90 days of delivery to the petitioner by the warden. See DiViaio v. Commissioner,539 F.2d 231, 234↩ (D.C. Cir. 1976).