VERNON COOPER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cooper v. Commissioner
Docket No. 27993-83.
United States Tax Court
T.C. Memo 1984-329; 1984 Tax Ct. Memo LEXIS 345; 48 T.C.M. (CCH) 385; T.C.M. (RIA) 84329; June 27, 1984. *345 Petitioner filed his petition in this action 114 days after the notice of deficiency was mailed to him at the Baltimore City Jail where he was incarcerated pending posting the requisite collateral for bail, but 89 days after the notice of deficiency was mailed to a residence address known to respondent. Held, the Baltimore City Jail, a temporary address of no definite duration, was not petitioner's last known address. Held further, the 90-day period for filing a petition with this Court under sec. 6213(a), I.R.C. 1954, as amended, commenced on the date the notice of deficiency was mailed to the residence address. Held further, respondent's motion to dismiss for lack of jurisdiction is denied. Richard H. Champion, for the petitioner. Dahil Dueno Goss, for the respondent. CANTREL MEMORANDUM OPINION CANTREL, Special Trial Judge: On November 10, 1983, respondent filed a "Motion to Dismiss for Lack of Jurisdiction" on the ground that the petition was not filed within the statutory period prescribed by section 6213(a)[1] or 7502. [2] On December 12, 1983, petitioner filed "Petitioner's Objections to Motion to Dismiss". At the hearing on respondent's motion held at Washington, D.C. *346 on March 21, 1984, counsel for the parties appeared and presented arguments and testimony was taken. Both parties submitted briefs and exhibits in support of their respective positions. In addition the parties have submitted two stipulations of facts. On April 13, 1983, respondent assessed deficiencies and additions to tax for petitioner's taxable calendar years 1979 and 1980 under section 6861, [3] relating to jeopardy assessments. The Notice of Jeopardy Assessment and Right of Appeal was mailed to petitioner at 517 Shady Glen Drive, District Heights, Maryland, the address shown on the 1981 joint return filed by petitioner and his wife, Joann *347 Cooper (hereinafter "Shady Glen address"). [4] Pursuant to sections 6861(b) and 6212(a) respondent sent a notice of deficiency to petitioner on June 6, 1983, 54 days after the assessment was made. The total deficiencies and additions to tax under section 6653(b) reflected in the notice of deficiency were $2,394,687.70. The notice of deficiency was mailed by certified mail to petitioner at 41 E. Eager Street, Baltimore City Jail, Section M 111, Baltimore, Maryland (hereinafter "Baltimore City Jail address"). The notice of deficiency was returned to respondent as undelivered on June 15, 1983, and he remailed the notice by regular mail to petitioner at 517 Shady Glen Dr., Capital Heights, Maryland. Again, the notice of deficiency was returned to respondent. On June 24, 1983, R. Kenneth Mundy (hereinafter "Mundy"), petitioner's attorney, wrote to respondent to inquire about the notice of deficiency *348 mailed to petitioner for taxable calendar years 1979 and 1980 and the notice of deficiency issued to petitioner and Joann Cooper for taxable calendar year 1981. In this letter Mundy indicated that he understood that the notices of deficiency were mailed on June 6, 1983, and specifically requested that copies of the notices of deficiency be sent to him. Mundy enclosed a Power of Attorney with his letter. This power of attorney was signed by petitioner and Joann Cooper and listed their residence as 3115 Apple Road, N.E., Washington, D.C. (hereinafter "Apple Road address"). Respondent did not respond to Mundy but on July 1, 1983, remailed the notice of deficiency for 1979 and 1980 to petitioner at the Apple Road address. [5] *349 The notice of deficiency was not returned to respondent after the July 1, 1983, mailing. On June 6, 1983, respondent mailed a notice of deficiency for taxable calendar year 1981 to petitioner and a duplicate original of the notice of deficiency to Joann Cooper. These notices of deficiency were mailed by certified mail to petitioner at the Baltimore City Jail address and to Joann Cooper at the Shady Glen address. The notice of deficiency directed to petitioner at the Baltimore City Jail address was returned to respondent as undelivered on June 17, 1983, and remailed to petitioner by regular mail at the Shady Glen address on June 20, 1983. The notice of deficiency was not returned to respondent after remailing. In addition, the duplicate original notice of deficiency mailed to Joann Cooper at the Shady Glen address was received and signed for by petitioner on June 22, 1983. Prior to receipt by petitioner the United States Postal Service had attempted delivery on June 9, 1983, and June 14, 1983. The notice of *350 deficiency would have been returned to respondent if unclaimed on June 24, 1983. A timely petition was filed for taxable calendar year 1981. The 90-day period for filing a timely petition based on the original mailing of the notice of deficiency for taxable calendar years 1979 and 1980 expired on Tuesday, September 6, 1983, which date was not a Saturday, Sunday or legal holiday in the District of Columbia. Section 6213(a). The petition herein under consideration was filed on September 28, 1983, 114 days after the original mailing of the notice of deficiency but 89 days after the final mailing of the notice of deficiency. In the petition petitioner listed his residence as the Apple Road address. Petitioner was indicted in the United States District Court for the District of Maryland for narcotics and tax related offenses on March 30, 1983. On March 31, 1983, petitioner was arraigned, and his bail set at $10,000,000. Petitioner's indictment and subsequent arraignment were the result of a joint investigation by the Internal Revenue Service and the Drug Enforcement Administration under the auspices of the Special Enforcement Program. Petitioner was unable to post the $10,000,000 bail *351 and was remanded to the custody of the Baltimore City Jail. A motion for reconsideration and reduction of bail was subsequently filed, and petitioner's bail was reduced to $1,000,000. Petitioner appealed and by order dated May 26, 1983, petitioner's bail was reduced to $500,000. The appeal hearing was attended by Laurence Hooper, Assistant United States Attorney, and William Miller, Special Agent for the Drug Enforcement Administration. Collateral for the requisite bail was posted on June 6, 1983. On the same date petitioner was released to the custody of Bennie Frazier of the Pretrial Services Agency by Order Specifying Methods and Conditions of Release. Petitioner listed his address as 1417 Southview Drive, Oxon Hill, Maryland on the order. Neither representatives from the Internal Revenue Service nor the United States Attorney's Office were present when petitioner was released from custody of the Baltimore City Jail although a copy of the Order Specifying Methods and Conditions of Release was received by the United States Attorney's Office on June 8, 1983. Petitioner was taken from the Baltimore City Jail to the United States Courthouse at approximately 8:30 a.m. on June 6, *352 1983, and was released from the custody of the jail at approximately 1:00 p.m on the same date. On June 6, 1983, the United States Attorney could have ascertained that petitioner was being released from the Baltimore City Jail by calling the United States Marshals' office, petitioner's attorney, or the United States Magistrate. In addition the Order Specifying Methods and Conditions of Release would have been a public document on June 6, 1983. On April 14, 1983, a notice and demand for payment was given to petitioner by respondent. When payment was not made George Mountain (hereinafter "Mountain"), one of respondent's agents, began the collection process. As part of the collection process respondent filed liens on the Shady Glen address [6] and the Apple Road address and posted notices that the property had been seized on the doors of each residence. No one was at either residence so the Notices of Seizure were sent by certified mail. On April 15, 1983, Mountain changed the locks on the residence at the Shady Glen address. The locks were not changed on the residence at the Apple Road address as respondent "left them a place to live in." [Transcript, p. 60.] Respondent did not attempt *353 to interfere with mail delivery at either address. However, the United States Postal Service discontinued mail delivery at the Apple Road address during the period that a notice of seizure was posted on the door of the Apple Road address. Petitioner informed Mundy of the jeopardy assessment. Mundy sought the assistance of Barnet D. Skolnik (hereinafter "Skolnik") in preparing a request for administrative review of the jeopardy assessment under section 7429(a). Skolnik actually prepared the request and signed Mundy's name as counsel. Prior to the preparation of the request Mundy had in his possession the Notices of Jeopardy Assessment and Right of Appeal which provided notification of the administrative review under section 7429 and the fact that a notice of deficiency would be issued within 60 days of the date of the jeopardy assessment absent an agreement with respondent. However, Mundy was not personally familiar with statutory requirements relating to the mailing of *354 a notice of deficiency within 60 days of a jeopardy assessment. No administrative review was actually conducted although Reuben Yudkowsky (hereinafter "Yudkowsky"), one of respondent's Appeals Officers, did contact Mundy to schedule a conference. Subsequently, Yudkowsky telephoned Mundy on June 9, 1983, to explain that no conference was necessary because the notice of deficiency had already been mailed. Irwin Krandle (hereinafter "Krandle") of respondent's Quality Review Staff prepared the notice of deficiency mailed to petitioner on June 6, 1983. Prior to preparing the notice of deficiency Krandle had been given a file containing information relating to the jeopardy assessment. [7] *355 The notice of deficiency was prepared after Krandle ascertained that petitioner would not appeal the assessment. [8] At the time he prepared the notice of deficiency, Krandle was aware that petitioner was or had been incarcerated at the Baltimore City Jail. Krandle did not call the Baltimore City Jail on June 6, 1983, to confirm that petitioner remained at the jail. It was not common for Krandle's office to handle deficiencies in the amount determined for petitioner. Respondent argues that he sent a valid notice of deficiency to petitioner's last known address on June 6, 1983, and that petitioner failed to file a timely petition. [9] *357 Respondent further argues that this case presents a unique factual situation because petitioner had no permanent address. *356 Petitioner asserts that respondent did not mail a valid notice of deficiency to petitioner's last known address on June 6, 1983, and that respondent did not issue a valid notice of deficiency to petitioner's last known address until July 1, 1983. Petitioner further asserts that the petition was timely filed on September 28, 1983, 89 days after July 1, 1983, and that this Court therefore has jurisdiction under section 6213(a). For the reasons discussed hereinbelow, we agree with petitioner. Section 6213(a) requires, with one exception not applicable here, that a taxpayer file a petition for redetermination with this Court within 90 days after the notice of deficiency authorized in section 6212(a) is mailed. This requirement is jurisdictional. Mollet v. Commissioner,82 T.C. 618 (1984); Price v. Commissioner,76 T.C. 389, 391 (1981). Section 6212(a) provides that the Secretary is authorized a send a notice of deficiency to a taxpayer when he determines a deficiency in Federal income tax. Section 6212(b)(1) provides that a notice of deficiency shall be sufficient if mailed to a taxpayer at his last known address. A notice of deficiency mailed to the taxpayer's last known address is valid irrespective of actual receipt by the taxpayer. Frieling v. Commissioner,81 T.C. 42, 48 (1983); Zenco Engineering Corp. v. Commissioner,75 T.C. 31, 321-322 (1980), affd. without published opinion 673 F.2d 1332 (7th Cir. 1981); Lifter v. Commissioner,59 T.C. 818, 820-821 (1973). Mailing a notice of deficiency to the taxpayer's last known address is intended as a safe harbor for respondent where actual notice is not given. Frieling v. Commissioner,supra at 52; Mulvania v. Commissioner,81 T.C. 65, 67-68 (1983). However, where the notice of deficiency is incorrectly addressed and subsequently returned to respondent undelivered by the United States Postal Service it is a nullity. Reddock v. Commissioner,72 T.C. 21, 27 (1979). See also Frieling v. Commissioner,supra at 58-59. A taxpayer's *358 last known address is the address which in light of circumstances respondent reasonably believes is the address to which the taxpayer wishes respondent to use in sending mail to him. Brown v. Commissioner,78 T.C. 215, 218-219 (1982); Keeton v. Commissioner,74 T.C. 377, 382 (1980); Lifter v. Commissioner,supra at 821. The determination of the taxpayer's last known address focuses on respondent's knowledge at the time the notice was mailed and not on what the taxpayer's most current address is in fact. Mollet v. Commissioner,supra;Keeton v. Commissioner,supra at 382; Alta Sierra Vista, Inc. v. Commissioner,62 T.C. 367, 374 (1974), affd. without published opinion 538 F.2d 334 (9th Cir. 1976). Respondent must exercise reasonable diligence when determining a taxpayer's last known address. Crum v. Commissioner,635 F.2d 895, 899 (D.C. Cir. 1980); Alta Sierra Vista, Inc. v. Commissioner,supra at 374. In the absence of clear and concise notification from the taxpayer directing respondent to use a different address, respondent may treat the address shown on the return for the year in question as the taxpayer's last known address. Mollet v. Commissioner,supra;Frieling v. Commissioner,supra at 49; *359 Alta Sierra Vista, Inc. v. Commissioner,supra at 374. If respondent becomes aware that the taxpayer has established a different residence, the notice of deficiency must be sent to that address. Frieling v. Commissioner,supra at 49; Keeton v. Commissioner,supra at 382. A temporary address may, under certain circumstances, be the taxpayer's last known address if it is an address of definite duration to which the taxpayer has directed respondent to send all communications during such period. Brown v. Commissioner,supra at 218; Weinroth v. Commissioner,74 T.C. 430, 435 (1980). Any direction by the taxpayer to use a temporary address must indicate the duration of the period during which the temporary address is to be used. McCormick v. Commissioner,55 T.C. 138, 141-142 (1970). It is unreasonable for respondent to use a temporary address without a clear expression of intent by the taxpayer that the temporary address should be used in lieu of other addresses. Looper v. Commissioner,73 T.C. 690, 697 (1980). Where the taxpayer is incarcerated his last known address may be the place of incarceration. DiViaio v. Commissioner,539 F.2d 231, 234-235 (D.C. Cir. 1976); Keeton v. Commissioner,supra at 381. *360 However, where the taxpayer's incarceration is or may be temporary in duration, the place of incarceration is not normally treated as the taxpayer's last known address. Cohen v. United States,297 F.2d 760, 773 (9th Cir. 1962).See also DiViaio v. Commissioner,supra at 235; Keeton v. Commissioner,supra at 384. In Cohen the Ninth Circuit concluded that respondent's use of the last known address of the taxpayer's spouse for years in which the taxpayer had filed separate returns appropriate where the taxpayer was in the Los Angeles City Jail pending an appeal and a petition for admission to bail. The Court emphasized that: * * * The Commissioner or one of his agents may also learn that the taxpayer is temporarily sojourning elsewhere * * * while still retaining the same "permanent" address. He is not required to treat the address of temporary sojourn as the "last known address". To so require would place an impossible administrative burden on the Commissioner. More important, it could in many cases defeat the objective of the statute by making it less rather than more likely that a letter mailed to the taxpayer would be received. * * *. [Cohen v. United States,suspra at 773.] However, *361 where respondent has no knowledge of a permanent address or temporary address of a definite duration the place of temporary incarceration may be the only address which respondent could reasonably use. O'Brien v. Commissioner,62 T.C. 543, 550 (1974). [10] Here, respondent did not use reasonable diligence in ascertaining petitioner's last known address he mailed the notice of deficiency to *362 the Baltimore City Jail address or when he remailed the notice of deficiency to 517 Shady Glen Dr., Capital Heights, Maryland. This case presents a unique factual situation. Respondent's agents were involved in a joint investigation with the United States Attorney's Office. This investigation ultimately resulted in petitioner being indicted and incarcerated pending posting of collateral for bail. Almost immediately after petitioner was incarcerated, respondent made a jeopardy assessment for the years at issue and began collection proceedings. As a result of respondent's collection proceedings, the only residence known to respondent which could be occupied by petitioner and Joann Cooper was at the Apple Road address. Despite the extensive involvement of respondent's agents in the criminal investigation and the subsequent jeopardy assessment and collection activities undertaken, respondent apparently made no effort to insure that petitioner would receive mail at the Baltimore City Jail address on the date the notice of deficiency was mailed. Krandle, who prepared the notice of deficiency, originally mailed the notice of deficiency on June 6, 1983, 7 days prior to the date on which *363 the notice of deficiency was required to be issued under sections 6861(b) and 6212(a). Krandle testified that he could not recall how he had determined that petitioner was incarcerated at the Baltimore City Jail and that he had not attempted to ascertain whether petitioner remained at that address on June 6, 1983. Clearly, it was possible that petitioner could post the requisite collateral for bail and be released at any time, and it was unreasonable for Krandle to mail the notice of deficiency to the Baltimore City Jail address without confirming that petitioner remained at that address. The record indicates that this information would have been available to the United States Attorney's office by calling the Baltimore City Jail, petitioner's lawyer, the United States Marshals' office, or the United States Magistrate. Presumably Krandle could have received this information from these sources or requested that the United States Attorney's office make inquiry. In addition it was unreasonable under the circumstances of this case to select the Baltimore City Jail address as petitioner's mailing address. Unlike in Keeton v. Commissioner,supra, the Baltimore City Jail address was a *364 temporary address of no definite duration. Petitioner had not been tried for the crimes for which he was incarcerated and could have been released from custody at any time on posting of the requisite collateral for bail. Petitioner had not requested that this address be used by respondent in lieu of other addresses. Although respondent concedes that the Baltimore City Jail address was a temporary address, he argues that as in O'Brien v. Commissioner,supra, petitioner had no permanent address and that Krandle reasonably selected the Baltimore City Jail address as the place where petitioner was most likely to receive notice. We cannot agree with respondent's claim. As in Cohen v. United States,supra, petitioner's wife was not incarcerated and continued to maintain the marital residence. This residence was, in effect, selected by respondent when Mountain did not change the locks on the residence at the Apple Road address. [11] *366 In Cohen v. United States,supra, the Ninth Circuit found that the marital residence was the taxpayer's last known address for mailing a notice of deficiency for years in which the taxpayer had filed a separate return. The Ninth Circuit rejected the taxpayer's *365 claim that the notice of deficiency should have been sent to him at his place of incarceration which, pending appeal and a petition to admission for bail, was a temporary address. In part, the Ninth Circuit declined to hold that the place of incarceration was the taxpayer's last known address because mailing a notice there made it less rather than more likely that the taxpayer would actually receive the notice. Cohen v. United States,supra at 773. The same rationale applies here. Respondent knew of the Apple Road address and could have reasonably assumed this would be the current marital residence. The remailing on June 15, 1983, again was not to petitioner's last known addess. Although the Shady Glen address was the address listed on petitioner's returns for the years at issue, respondent had actual notice that this address was not petitioner's residence. Mountain had changed the locks on the Shady Glen address, and respondent was therefore aware that petitioner could not reside at this address. The fact that petitioner apparently did visit this residence periodically and did receive some items of mail addressed there does not change our result. [12] *367 In addition although not argued by petitioner, it appears that the remailing was not to the Shady Glen address but to the same street address in a different township. The record clearly shows that on June 6, 1983, and at all relevant periods thereafter respondent had actual notice of only one permanent address at which notice would be received by petitioner. This address was the Apple Road address which was petitioner's last known address. A notice of deficiency was mailed to the Apple Road address on July 1, 1983. At the date that this notice of deficiency was mailed, the *368 90-day period for filing a timely petition under section 6213(a) was commenced. Petitioner filed the petition herein under consideration on the 89th day. Consequently, the petition is timely filed, and this Court has jurisdiction to make a redetermination of the deficiency. We are not unmindful of the fact that the Notices of Jeopardy Assessment and Right of Appeal which were received by petitioner and reviewed by Mundy specifically state that a notice of deficiency will be issued within 60 days of a jeopardy assessment unless an agreement is reached. Under these circumstances it might have been a safer course for petitioner to designate an address at which he wished to receive the notice of deficiency. However, the statute does not require this. It does require, in absence of actual receipt of the notice, that respondent mail the notice of deficiency to the taxpayer's last known address. Under the facts of this case we have found that respondent did not mail the notice of deficiency to petitioner's last known address. On this record respondent's motion will be denied. In accordance with the foregoing An appropriate order will be issued.
Footnotes
1. Unless otherwise specified, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the applicable periods. ↩
2. This case was assigned pursuant to Delegation Order No. 8 of this Court, 81 T.C. XXV (1983). Since this is a preliminary jurisdictional motion, the Court has concluded that the post-trial procedures of Rule 183, Tax Court Rules of Practice and Procedure↩, are not applicable in the present circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule.
3. Respondent also assessed a deficiency and addition to tax for petitioner and Joann Cooper's taxable calendar year 1981 under sec. 6861. ↩
4. George Mountain, one of respondent's revenue officers, suggested that personal service was made on petitioner on the following day at the Baltimore City Jail.↩
5. The power of attorney was not acknowledged or witnessed nor did Mundy submit a declaration on the power that he was authorized to practice before respondent. Consequently, the power of attorney was not valid under the requirements of sec. 601.504, Proced. & Admin. Regs. However, in such circumstances respondent's own procedural guidelines direct that a reply be made to the taxpayer and "* * * the representative will be advised that the reply has been so directed." Internal Revenue Manual, v. I, pt. IV-Audit, ch. 4000, sec. 4081.2(1)(c), at 7043-13 (CCH). Respondent offered no explanation as to why this procedure was not followed.
6. There is some confusion as to the address for which liens were filed. Respondent apparently believed the property was in Capital Heights, Maryland, while petitioner believed it was in District Heights, Maryland.↩
7. Presumably this information included the Form 2644, Recommendation for Jeopardy Assessment, with attachments and the Notices of Jeopardy Assessment and Right of Appeal. A review of this material would have indicated that petitioner had been indicted for tax and narcotics related offenses as a result of a joint investigation under the Special Enforcement Program and that his bail was set at $10,000,000. A review of this material also would have disclosed that mail had been sent to the Shady Glen address, that petitioner's wife owned a second residence at the Apple Road address, and that Mountain was involved in the collection proceedings. 8. The testimony of Yudkowsky, indicates that petitioner, in fact, was pursuing his appeal rights at that time. [Transcript, ps. 62-63.] The Appeals Office issued a letter stating that no further administrative review would be undertaken 1 day after the notice of deficiency was mailed. [Exhibit R.]↩
9. Sec. 6861(b) requires that respondent mail a notice under sec. 6212(a) within 60 days after making the assessment. This requirement is a limitation on the conditions under which respondent may maintain and keep in force a jeopardy assessment but has no bearing on our jurisdiction. Teitelbaum v. Commissioner,40 T.C. 223, 226-227 (1963). Here, the 60-day period expired on June 13, 1983.
10. The situation in O'Brien v. Commissioner,62 T.C. 543 (1974), was unique. There respondent's agents had talked to petitioner at the Los Angeles City Jail, and he refused to give them an address at which he could be reached. In addition respondent did not have a return address on file and the record did not indicate that respondent had any other address that would otherwise qualify as petitioner's last known address. In those circumstances we found that one of the methods by which respondent could have made a reasonable effort to see that petitioner received a copy of the notice of deficiency was by delivery to the jail.Under the facts of the O'Brien↩ case it appears that the taxpayer's address at the Los Angeles City Jail, albeit temporary, may have been the best address available to respondent.
11. Respondent argues that the knowledge of his collection division should not be imputed to his audit division. We agree with respondent that this is the general rule. United States v. Zolla,724 F.2d 808, 810-811 (9th Cir. 1984); Kuebler v. Commissioner,T.C. Memo. 1979-95. However, where the notice of deficiency is mailed following a jeopardy assessment, and under the facts as presented herein, we believe that the audit division should have communicated with the collection division to determine if there was additional information relating to the taxpayer's residence. Under these circumstances it is reasonable to assume that the collection division will have current information regarding the taxpayer's residence and may have, in fact, through its own activities selected the taxpayer's residence. This was the situation here.
12. Respondent argues that at the date of remailing the notice of deficiency on June 15, 1983, he reasonably selected the Shady Glen address because the duplicate notice of deficiency for the year 1981 mailed to Joann Cooper by certified mail at the same address had not been returned.However, we do not believe that respondent could reasonably assume that petitioner or Joann Cooper was receiving mail at the Shady Glen address on this date. Before returning a certified mailing, the United States Postal Service will make two attempts to deliver the mailing. If redelivery of the mailing is not requested within a period stated by the sender or 15 days if no period is stated the mailing will be returned to the sender. Domestic Mail Manual, Issue 13, Sec. 912.55 (Dec. 29, 1983). Here, there apparently was no expiration period requested by the sender and the earliest return date possible would have been 15 days after June 6, 1983, or June 21, 1983, 6 days after remailing of the notice for the years 1979 and 1980.