KENNETH S. KOCHANOWSKI AND PAMELA A. KOCHANOWSKI, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kochanowski v. Commissioner
Docket No. 10436-82
United States Tax Court
T.C. Memo 1983-72; 1983 Tax Ct. Memo LEXIS 721; 45 T.C.M. (CCH) 666; T.C.M. (RIA) 83072; February 2, 1983. Gary E. Shoffner and Michael F. Sfregola, for the petitioners. Valerie K. Liu, for the respondent. SHIELDS
MEMORANDUM OPINION SHIELDS, Judge: Respondent determined a deficiency of $13,523 in petitioners' 1977 Federal income tax. The sole issue presented is whether respondent mailed his notice of deficiency to petitioners' last *722 known address within the meaning of section 6212(b)(1). [1] The parties agree that if the requirements of section 6212(b)(1) were satisfied, the petition herein was untimely filed under section 6213(a), depriving this Court of jurisdiction in the matter. The parties have filed a stipulation of facts which, together with accompanying exhibites, is incorporated herein by this reference. Petitioners Kenneth S. Kochanowski and Pamela A. Kochanowski filed their petition in this case on May 17, 1982. When they filed their petition herein, they resided at 25582 Vesuvia, Mission Viejo, California (Vesuvia address). Prior to October 1978, the address 25582 Vesuvia, Mission Viejo, California was covered by the zip code 92675 (the "75" zip code). In October 1978, the United States Postal Service (USPS) changed the zip code assigned to 25582 Vesuvia, Mission Viejo, California to 92691 (the "91" zip code). Subsequent to October 1978, zip code 92675 covered the city of San Juan Capistrano. In 1980, the Mission Viejo Post Office handled mail deliveries to the "75" and the *723 "91" zip codes. It frequently received mail bearing zip code 92675 for street addresses located in an area officially covered by zip code 92691. However, the USPS does not require a zip code on a piece of mail as a prerequisite to the delivery of the mail. In fact, the distribution clerks at the Mission Viejo Post Office were trained to know all streets in the cities of Mission Viejo and San Juan Capistrano. They sorted mail by street name rather than by zip code. Thus, the use of zip code 92675 on mail addressed to a residence located in an area officially covered by zip code 92691 did not prevent or delay delivery of such mail in 1980. On or about April 6, 1978, petitioners mailed to respondent their Federal income tax return for 1977. Their return bore the Vesuvia address and the "75" zip code. After the USPS changed the zip code assigned to the Vesuvia address from 92675 to 92691, and before respondent sent to petitioners his notice of deficiency, petitioners continued to use the "75" zip code on their correspondence with respondent. This correspondence included: a letter dated December 12, 1978 from one Peggy Hodges, E.A., representing that she had power of attorney *724 for petitioners' 1977 income tax return; a Form 2848, Power of Attorney, signed by petitioners and giving Ms. Hodges and others power of attorney, which was received by respondent on January 9, 1979; another Form 2848 executed by petitioners on July 6, 1979; a Form 872, Consent to Extend the Time to Assess Tax, which was executed by petitioner on November 8, 1979; and a Form 4868, Application for Automatic Extension of Time to File, filed in April 1980. On December 5, 1979, respondent mailed a letter to petitioners at the Vesuvia address, using the "91" zip code. This letter advised petitioners of respondent's audit findings with respect to a partnership. The letter was sent to petitioners because they were listed as limited partners in the audited partnership. Respondent mailed his notice of deficiency to petitioners on June 10, 1980 by certified mail. The mailing address was 25582 Vesuvia, Mission Viejo, California 92675. The Mission Viejo Post Office twice attempted to deliver the notice to petitioners' residence at 25582 Vesuvia. The record does not show the date upon which the Mission Viejo Post Office first attempted delivery. The Post Office made its second attempt at *725 delivery on June 21, 1980. The notice was returned to respondent on July 2, 1980. On June 15, 1980, petitioners executed a Form 2688, Application for Extension of Time to File. They filled in their Vesuvia address and used the "75" zip code. Respondent received this form on June 23, 1980. Thus, in the time between the date respondent sent his notice of deficiency to petitioners, and the date the Mission Viejo Post Office returned the notice to respondent, petitioners sent to respondent an additional correspondence using the "75" zip code. After the notice of deficiency was returned to respondent, respondent also received several communications from petitioners on which they used the "75" zip code. These included: a Form 2688, executed on August 15, 1980; petitioners 1979 return received by respondent March 9, 1981; a note written by Pamela Kochanowski on the bottom of a letter originally sent by respondent to petitioners at the "75" zip code on April 1, 1981 and subsequently returned to respondent by petitioners on April 7, 1981; an envelope sent to respondent on April 9, 1981 on which petitioners had rubber stamped their address, including the "75" zip code; and a Form 872A, *726 Special Consent to Extend the Time to Assess Tax, filed April 23, 1981. Petitioners mailed their petition in this case on May 12, 1982, which was approximately 706 days after the mailing of respondent's notice of deficiency. Respondent filed a motion on July 6, 1982 to dismiss this case for lack of jurisdiction. Petitioners filed a memorandum of points and authorities on August 9, 1982, objecting to respondent's motion to dismiss for lack of jurisdiction. The parties presented oral argument on the motion on October 27, 1982, at a hearing held in Los Angeles, California. Requirement of Mailing the Notice of Deficiency to the Taxpayer's Last Known Address
Section 6212(a) authorizes the Secretary of the Treasury or his representative to send a taxpayer a notice of deficiency by registered or certified mail. Section 6212(b) provides that a notice of deficiency is "sufficient" if it is sent to the taxpayer's "last known address." Under section 6213(a), a taxpayer has 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency *727 has been mailed to file a petition with this Court. Filing a timely petition is a prerequisite to the jurisdiction of this Court. Rule 13(c). [2]
Neither section 6212 nor the regulations thereunder define the meaning of "last known address." However, the phrase has been interpreted by this Court to mean "the taxpayer's last permanent address or legal residence known by the Commissioner or the last known temporary address of a definite duration to which the taxpayer has directed the Commissioner to send all communications." Alta Sierra Vista, Inc. v. Commissioner,62 T.C. 367, 374 (1974), affd. 538 F.2d 334 (9th Cir. 1976), and cases cited therein.
To ascertain a taxpayer's last known address, the Commissioner may use documents submitted to him by the taxpayer. Brown v. Commissioner,78 T.C. 215, 219 (1982). When *728 the taxpayer gives the Commissioner clear and concise notification of a different address, that address becomes the taxpayer's last known address for purposes of section 6212(b). See Alta Sierra Vista v. Commissioner,supra at 374; McCormick v. Commissioner,55 T.C. 138 (1970). Moreover, where the Commissioner learns that the taxpayer has changed his address, the Commissioner must use the new address for purposes of mailing his notice of deficiency. Keeton v. Commissioner,74 T.C. 377, 382 (1980); O'Brien v. Commissioner,62 T.C. 543, 549 (1974). [3] On balance, a taxpayer's last known address is that address to which, in light of all the facts and circumstances, the Commissioner reasonably believed the taxpayer wanted the notice of deficiency to be sent. Brown v. Commissioner,supra at 218-219; Weinroth v. Commissioner,74 T.C. 430, 435 (1980). Petitioners contend that the Vesuvia address with the "75" zip code was not their last known address. Instead, petitioners claim *729 that the Vesuvia address with the "91" zip code was their last known address. Thus, they assert that respondent failed to comply with the statutory procedure set forth in section 6212. Respondent argues that the Vesuvia address with the "75" zip code was petitioners' last known address. He asserts that his notice of deficiency satisfied the statutory requirements, but that petitioners failed timely to file their petition. Thus, respondent concludes that this Court lacks jurisdiction and must dismiss the case for that reason. In the alternative, respondent argues that a correct zip code is not a prerequisite for a statutorily sufficient address within the meaning of section 6212. He contends that a notice of deficiency which is sent to an address in all respects identical to a taxpayer's last known address except for the zip code is nonetheless sent to the taxpayer's last known address. In effect, respondent contends that his notice of deficiency was sufficient because it was sent to petitioners' Vesuvia address, whether or not respondent knew that 92691 was the proper zip code. We find that petitioner's last known address was 25582 Vesuvia, Mission Viejo, California *730 92675. Thus, we need not address respondent's alternative argument concerning the adequacy of an address which lacks a proper zip code. [4]
The gravamen of petitioners' argument is that respondent knew that the official zip code for 25582 Vesuvia, Mission Viejo, California was 92691. Petitioners base this contention on the partnership audit letter sent to them in December 1979 by respondent. This letter was mailed to petitioners' Vesuvia address, using the "91" zip code. By analogy to O'Brien,supra, petitioners contend that because respondent knew the actual zip code for their address he should have sent his notice of deficiency to that zip code. The analogy to O'Brien is not apt. In this case, the taxpayer was incarcerated at a place different than the address shown on his last income tax return, and respondent knew of the change in address due to his incarceration. In addition, the taxpayer did not represent his address to be other than *731 that of the place of incarceration. The facts are quite different in the case before us. Petitioners continually represented to respondent that they were properly to be contacted at the "75" zip code. Every document sent to respondent by petitioners, or by petitioners' representatives, used the "75" zip code. Respondent received such documents from petitioners both before and after he sent to them the partnership audit letter, which bore the "91" zip code, and before and after he sent to them his notice of deficiency, which bore the "75" zip code. Respondent even received one such document from petitioners, bearing the "75" zip code, at the same time that the Mission Viejo Post Office was attempting to deliver his notice of deficiency to petitioners' residence at 22582 Vesuvia. It is irrelevant that respondent apparently knew that the official zip code for the Vesuvia address was 92691. Respondent sent his notice of deficiency to the address which petitioners and continuously and affirmatively represented to be their address. Respondent satisfied his duty when he mailed his notice of deficiency in the instant case to the address which petitioners repeatedly indicated that they *732 desired the notice to be sent and which address gave the precise location of the petitioners. [5] As we noted above, a taxpayer's last known address is the one to which the Commissioner reasonably believed the taxpayer desired the notice of deficiency to be sent. Based on the foregoing, we find that respondent sent his notice of deficiency to petitioners' last known address. Thus, the notice was sufficient and petitioners failed timely to file their petition within the 90 day period provided by section 6213(a). Accordingly, respondent's motion to dismiss this case for lack of jurisdiction will be granted. An appropriate order will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, during the year in issue.↩
2. Unless otherwise indicated, any reference to "Rules" shall be deemed to refer to the Tax Court Rules of Practice and Procedure.↩
3. See also Foley v. Commissioner,T.C. Memo. 1983-3↩ (January 4, 1983).
4. In Price v. Commissioner,76 T.C. 389 (1981), we found that for purposes of section 6213(a)↩, a petition was properly addressed to the Tax Court even though the address label showed an improper zip code.
5. We do not purport to reach the issue of the meaning of last known address where the Commissioner knows, or should know, that a taxpayer has mistakenly communicated an erroneous address to him. Here, there was no indication that petitioners had made a mistake when they communicated the erroneous zip code to respondent, nor that respondent should have known that the mistake was inadvertent.↩