POWERS AND PAMELA BOOTHE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Boothe v. Commissioner
Docket No. 33208-84.
United States Tax Court
T.C. Memo 1986-361; 1986 Tax Ct. Memo LEXIS 249; 52 T.C.M. (CCH) 135; T.C.M. (RIA) 86361; August 7, 1986. *249 R selected P for audit based upon P's relationship to a partnership audit. During mid-April R's agent, in an effort to cause P to extend the statute of limitations on assessment, visited P's business manager who was not authorized to execute a waiver to extend the statutory period, but who advised R's agent that P was out of the country until mid-July. R mailed a statutory notice to P's then current address, with an incorrect zip code. Held: P's address out of the country was temporary and, without P's request designating it, the foreign address does not become P's "last known address" within the meaning of sec. 6212(b), I.R.C. 1954. Held further: Failure to affix a correct zip code to a taxpayer's address upon the envelope in which a statutory notice of deficiency is mailed does not invalidate the notice. Glenn Guritzky and Robert E. Linkin, for the petitioners. Frances Ferrito Regan, for the respondent. GERBER
MEMORANDUM FINDINGS OF FACT AND OPINION GERBER, Judge: Respondent determined deficiencies in Federal income tax for petitioners' taxable years 1977 and 1980 in the amounts of $3,610 and $40,999, respectively. This proceeding arises from cross-motions to dismiss for lack of jurisdiction. Respondent's motion is based upon the contention that the petition was untimely. Petitioners' motion is based upon the contention that respondent did not send a statutory notice to petitioners' "last known address." [1]
*251 FINDINGS OF FACT The proposed deficiencies in this case arise from one adjustment concerning petitioners' interest in a partnership. Respondent was auditing the partnership and no separate audit of petitioners' return was being conducted or had been begun by respondent. Essentially, respondent was "controlling" petitioners' 1980 taxable year [2] during the pendency of the partnership audit. Shortly before the 3-year statute of limitations on assessment and collection was to expire (April 15, 1984), respondent's agents in New York attempted to make contact with petitioners to solicit agreements to extend the period within which to assess. Petitioners are husband and wife and they filed a joint Federal individual income tax return for the taxable year 1980. Petitioner-husband is a professional actor and on occasion is away from home for filming on location. During the period beginning February 27, 1984, and concluding in mid-July 1984, both petitioners were in Brazil for on-location filming *252 concerning petitioner-husband. While away from home, petitioner-husband's business manager handled his day-to-day business and personal financial affairs. The business manager was provided with petitioners' mailing address, telephone number and the length of their stay while in Brazil. Petitioners tried to limit the type of mail delivered to their residence to that from personal friends and family. Respondent's agents in New York, in their attempt to effectuate an extention of the 3-year limitations period, located petitioner-husband's business manager in New York, because his company name appeared along with petitioners' on respondent's copy of the Form K-1 [3] from the partnership. Respondent's agents contacted petitioner-husband's business manager on a date approaching April 15, 1984, and were advised that petitioners were in Brazil. Further, the business manager was without a power of attorney and unable to agree to extend the statutory period for assessment and collection. The record in this case is unclear as to whether respondent's agents were advised of petitioners' Brazilian mailing address. *253 Due to the time limitations, respondent decided to issue a statutory notice to stay the expiration of the statutory period. The mailing address reflected on petitioners' 1980 return was in California, but was not petitioners' address as of April 14, 1984. Respondent, by means of a search of his records, discovered a second California address, which happened to be petitioners' address on April 14, 1984. Based upon the available information, on April 14, 1984, respondent mailed by certified mail three duplicate original statutory notices of deficiency for the 1977 and 1980 taxable years. One notice was sent to the address shown on petitioners' 1980 return and was returned to respondent with the Postal Service notation that "Authorized Time For Forwarding Has [Expir]ed." The second notice was mailed to petitioner-husband's business manager in New York, but the address was incorrect; [4] and the Postal Service returned it to respondent with the notation, "Attempted, Not Known New York, N.Y. 10022." The third original notice was sent to petitioners' then current and correct permanent address, with the exception that the zip code utilized by respondent was incorrect. It appears that *254 respondent used petitioners' prior zip code in mailing the notice to petitioners' correct and current residence on April 14, 1984. The Postal Service returned the "third notice" with the notation that it was "Unclaimed." Upon return from Brazil, petitioner-husband discovered a slip from the Postal Service indicating attempted delivery of certified or registered mail. The Postal Service advised that the mail represented by the slip(s) had been returned to sender. Accordingly, petitioners were not aware that respondent was the "sender." After receiving a tax bill from respondent, petitioners, while residing in California, mailed a petition to this Court by means of an envelope bearing a September 12, 1984, private post meter stamp, which was received and filed on September 17, 1984. Ostensibly, the petition was mailed 151 days, and actually received by the Court 156 days, after respondent mailed the statutory notices of deficiency on April 14, 1984. OPINION Petitioners' motion to dismiss involves *255 section 6212[5] which authorizes respondent to send a notice of deficiency to a "taxpayer at his last known address." Although petitioner has couched the wording of the issue to focus upon respondent's obligation to determine the "last known address," the more refined issues for our consideration are: (1) Whether the temporary or non-permanent change in the mailing address of petitioners became their "last known address" for purposes of section 6212(b)(1); and (2) whether an incorrect zip code with an otherwise correct mailing address will render a notice of deficiency ineffective or invalid within the framework of section 6212(a) and (b)(1). The parties do not dispute the fact that the petition was untimely, whether measured by the 90 or 150-day period of section 6213(a). Accordingly, if we determine that any of the three notices mailed April 14, 1984, are within the requirements of section 6212, respondent's motion to dismiss for lack of jurisdiction, due to an untimely petition, should be granted. The Temporary or Non-Permanent Address *256 As the "Last Known Address"
A taxpayer's last known address is the last known permanent address or legal residence of the taxpayer, or the last known temporary address of a definite duration or period to which all communications during such period should be sent. Gregory v. United States,102 Ct.Cl. 642, 663, 57 F. Supp. 962, 973 (1944); McCormick v. Commissioner,55 T.C. 138, 141 (1970); Weinroth v. Commissioner,74 T.C. 430, 435 (1980). The Commissioner must exercise reasonable diligence in determining a taxpayer's correct address and the burden is on the taxpayer to provide the Commissioner with clear and concise notification of a new address. Alta Sierra Vista, Inc. v. Commissioner,62 T.C. 367, 374 (1974), affd. without opinion 538 F.2d 334 (9th Cir. 1976). In the absence of clear and concise notification by the taxpayer, the Commissioner may use the address appearing on the taxpayer's return. Luhring v. Glotzbach,304 F.2d 556, 558-559 (4th Cir. 1962); *257 Lifter v. Commissioner,59 T.C. 818, 821 (1973). Petitioners contend that respondent did not exercise reasonable diligence because he failed to send a notice to Brazil and/or to petitioner-husband's business manager's correct address. Respondent contends that petitioners' most recent California address was their "last known address" because petitioners' stay in Brazil was too temporary to become the "last known address" within the meaning of section 6212. With respect to the business manager's address, respondent contends that it was not clearly and concisely communicated by the taxpayers or their agent as a change of address or a place to which correspondence concerning their tax matters should be sent. We agree with respondent on this issue. Petitioners have argued that respondent was provided with a Brazilian mailing address by petitioner-husband's business manager and that respondent's agent was also advised of the exact dates they would be in Brazil. Respondent counters that his agent(s) was aware that petitioners were in Brazil but that respondent was not advised of the Brazilian mailing address or the exact dates petitioners were to be in Brazil. Respondent *258 admits that his agent was aware that petitioners were temporarily in Brazil on business. The outcome of this proceeding does not hinge upon respondent's knowledge of the exact dates or address because petitioners' stay in Brazil was too brief to reasonably alert respondent to consider it a change of "last known address." Cohen v. United States,297 F.2d 760, 773 (9th Cir. 1962); Gregory v. United States,102 Ct.Cl. at 663. Neither petitioners nor their authorized agent clearly and concisely communicated or directed respondent to send communications to Brazil. Alta Sierra Vista, Inc. v. Commissioner,supra at 374; Weinroth v. Commissioner,supra at 435; Gregory v. United States,supra.
Factually, this case is a classic example of a situation where the taxpayers' "last known address" was reflected on their return(s) and they are temporarily residing at another location. To find otherwise in this setting may promote anomalous results. If respondent were able to satisfy the requirements of section 6212 by mailing a statutory notice of deficiency to a temporary residence, where the taxpayer *259 has not so directed, it is likely that this forum would not be available to numerous taxpayers who are similarily situated. E.g., see Estate of Reger v. Commissioner,T.C. Memo. 1983-669, where respondent was not permitted to rely upon what he perceived to be the taxpayer's "last known address." Similarly, the setting here was one where respondent sought out petitioner-husband's business manager in an attempt to extend the statute of limitations on assessment and collection. Petitioner-husband's business manager was not authorized to represent petitioners for Federal tax purposes and was without any power of attorney. Bailey v. Commissioner,T.C. Memo. 1982-274. Although petitioner-husband's manager advised that petitioners were in Brazil for approximately three more months, respondent's agents were not requested to change petitioners' address to which tax correspondence was to be sent. Even if we were to assume the existence of a power of attorney in the business manager, no directions or request to send tax correspondence to petitioners in Brazil or to himself was made by the business manager. See *260 Houghton v. Commissioner,48 T.C. 656, 661 (1967). Petitioners argue that respondent had a duty or responsibility to determine that they were in Brazil and that Brazil was their "last known address," citing Frieling v. Commissioner,81 T.C. 42, 49 (1983), and Keeton v. Commissioner,74 T.C. 377, 382 (1980). In Frieling, the taxpayers specifically notified respondent of a new mailing address by means of a direct oral communication and then placed their new address on a Form 872, which was forwarded to respondent. Under those facts we held that there had been adequate notice of a change of address and respondent should have exercised reasonable care to ascertain and mail the notice to the correct address. In Keeton, we held that respondent should have known and used the taxpayer's new address because he was incarcerated in connection with his violation of Federal income tax laws. Both of the cases advanced by petitioners herein involved a situation where respondent was aware of a new permanent address or the taxpayer had directed a change in correspondence address. Once respondent becomes aware of an address other than the *261 one on a taxpayer's return, respondent must exercise reasonable care and whether he has done so is a question of fact. McPartlin v. Commissioner,653 F.2d 1185, 1189 (7th Cir. 1981), revg. an unpublished order of this Court; Weinroth v. Commissioner,supra.In the instant case, petitioners did not direct a change and the change was merely temporary. Moreover, we cannot agree with petitioners that respondent's knowledge of petitioner-husband's business manager's address should have caused respondent to recognize that address as petitioners' "last known address" without clear and concise directions or communication to respondent to use that address. The business manager's lack of authority to execute an extention of the limitations period and the absence of a power of attorney would dictate that a business manager's address appearing on a Form K-1 should not become a taxpayer's "last known address" without deference to the address shown on the tax return. It is not unlikely that a single taxpayer may have several Forms K-1 associated with their taxable year and each may contain a different address. Accordingly, we hold that respondent's knowledge *262 that petitioners were temporarily in Brazil and of the existence of a business manager was not sufficient to change petitioners' "last known address" as shown on their return(s). Respondent exercised reasonable care and diligence in attempting to mail a statutory notice to the address reflected on petitioners' return. [6]
The Effect of Incorrect Zip Code Upon the Validity of a Statutory Notice
Having determined that petitioners' "last known address" was not that of the business manager or did not change to their temporary mailing address in Brazil, we now consider whether respondent complied with the statute regarding any of the three notices mailed on April 14, 1984. Respondent diligently sought out petitioners' newer California address and therefore was obligated to use the newer address. Keeton v. Commissioner, *263 supra at 832. Although petitioners' names, street number and name, city and state were all correct, the zip code was for petitioners' former California address. Petitioners did not establish that the U.S. Postal Service failed to comply with postal regulations or that a zip code is an element essential to delivery of the notice in question. Failure of petitioners to actually receive the notice does not vitiate it. Lifter v. Commissioner,59 T.C. 818 (1973). We have held that inconsequential errors in addressing a notice of deficiency do not destroy its validity. Clodfelter v. Commissioner,57 T.C. 102, 107 (1971), affd. 527 F.2d 754, 756 (9th Cir. 1975); Estate of McElroy v. Commissioner,82 T.C. 509, 514 (1984). In a Memorandum Opinion of this Court we noted that "the USPS [Postal Service] does not require a zip code on a piece of mail as a prerequisite to the delivery of the mail." Kochanowski v. Commissioner,T.C. Memo. 1983-72 [45 TCM 666, 52 P-H Memo T.C. par. 83,072]. Further, the notice sent to petitioners' correct address (but with the wrong zip code) was returned by the Postal Service *264 as "Unclaimed", not as undeliverable. As noted above, the fact that petitioners did not actually receive the notice does not vitiate its effectiveness. See also Davis v. Commissioner,T.C. Memo. 1980-176, affd. without published opinion 649 F.2d 862 (4th Cir. 1981), where we held a notice valid with a misspelled street name and erroneous zip code. The failure of delivery in Davis was due to the Postal Service's 1-year limit on the forwarding of mail. In view of the foregoing, we find that respondent had sent a statutory notice of deficiency to petitioners' "last known address" within the 3-year period and petitioners have failed to file a timely petition. Accordingly, respondent's motion to dismiss for lack of jurisdiction will be granted and petitioners' motion to dismiss for lack of jurisdiction will be denied. An appropriate order will be entered.
Footnotes
1. If we find for petitioners, respondent may not be able to assess or collect the proposed deficiencies due to the expiration of the 3-year statute of limitations. If we find for respondent, the deficiencies may be assessed and collected, and petitioners will have the option of contesting the merits of the proposed deficiencies in a refund forum.↩
2. The 1977 taxable year is involved only to the extent that the 1980 loss reported through the partnership generated a net operating loss deduction which could be carried back to 1977.↩
3. The Form K-1 is used by partnerships to advise partners of the pass-through items for income tax purposes. Respondent usually receives copies of the Forms K-1 along with the return of the partnership.↩
4. For purposes of this case, respondent admits that the attempted mailing of a notice of deficiency to petitioners in care of his business manager was of no effect.↩
5. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the period under consideration.↩
6. A recent line of cases in the 9th Circuit has held respondent to a high standard of researching the correct address of a taxpayer in the available institutional information. Respondent has met that standard by seeking a later year's address from his records. For example, see Wallin v. Commissioner,744 F.2d 674↩ (9th Cir. 1984).